David W. KELLY

v.

NEW YORK, NEW HAVEN & HART-
FORD RAILROAD COMPANY.

Civ. A. No. 54-760.

United States District Court
D. Massachusetts.

Jan. 31, 1956.

:William H. Lewis, Jr., Boston, Mass.,
for plaintiff.

William J. Noonan, Boston, Mass., for
defendant.

ALDRICH, District Judge.

This is an action under the Fed-
eral Employers' Liability Act, 45 U.S.C.
A. § 51 et seq., in which the defendant
moves for a new trial on the ground that
the verdict of the jury was against the
law, and excessive. While the amount is
high, particularly in the light of positive
evidence of contributory negligence by
the plaintiff, I would not set it aside for
that reason alone. I consider that fact
only in relation to plaintiff's claim that
any errors committed with respect to
damages were not prejudicial.

The plaintiff was chef on one of
the defendant's dining cars. On Novem-
ber 2, 1953, he was involved in an argu-

ment and stabbed by one Wright, a fellow employee, over a personal matter. The plaintiff claims that the defendant had prior notice of Wright's belligerent tendencies, and should have discharged him. While the evidence warranting such a conclusion is weak, I do not feel it inadequate. On the other hand it is clear that the plaintiff had been instructed sometime before the stabbing to report any further episodes of Wright's misconduct and failed to do so, a matter which came out in the hearing about to be referred to, and was a legitimate ground of complaint by the defendant.

Following November 2 the plaintiff and Wright were both convicted of assault and battery in the state court, and fined. The plaintiff's injuries were disabling. In February he reported he was able to return to work. The defendant conducted a hearing, and both plaintiff and Wright were discharged. Plaintiff appealed the discharge through union channels. Wright did not appeal. Subsequently the defendant wrote the union it had concluded Wright was principally at fault, and that the plaintiff would be reinstated as of that date. In connection with this reinstatement plaintiff formally waived any claim that the discharge entitled him to back wages.

I allowed plaintiff to introduce this letter to the union over defendant's objection because I felt the admission that Wright was primarily responsible for the fight was material to plaintiff's negligence case. However, before argument I cautioned counsel that he was not to claim damages due to a wrongful discharge in any way. Thereafter he argued to the jury with relation to the discharge hearing,

"They must justify themselves in some way. * * * So what do they do? This is one of the rottenest things I have seen in many a day. They take a faithful employee who has been working for the railroad since 1930, a man sixty-two years of age. Think of it! He has been stabbed! And they start an investigation to fire him! * * * Such a lot of nonsense! A farce—if it weren't so tragic."

■■ Counsel then said he "guessed he was getting overwound." Upon the court's voicing its agreement counsel somewhat magnanimously observed,

"Well, I'll let that pass. That's a matter of opinion." [1]

■■ Although the jury was thereafter instructed that the plaintiff was not entitled to damages for discharge, these instructions were necessarily pallid compared with counsel's argument, and the size of the verdict causes serious doubt whether the effects of this argument were erased. More fundamentally, I believe it was error to have admitted, even indirectly, over defendant's objection, the fact that plaintiff had been dis-

---

1. I also instructed counsel somewhat later, in another connection, that he was not to express his personal opinions to the jury, to which he took exception. Since this is a practice point of some importance, I would like to deal with it.

Canon 15 of the Code of Ethics of the American Bar Association reads as follows:

"It is improper for a lawyer to assert in argument his personal belief in his client's innocence or in the justice of his cause."

Such argument is "highly improper." See United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 242, 60 S.Ct. 811, 84 L.Ed. 1129, rehearing denied 310 U.S. 658, 60 S.Ct. 1091, 84 L.Ed. 1421. In every trial the jury is dutifully informed, usually by counsel themselves, that counsel cannot give evidence. An opinion has many of the characteristics of evidence, and sometimes goes beyond the permissible scope even of expert testimony. It is elementary that a witness must have qualifications before he may express an opinion. A witness is subject to cross-examination. A lawyer who states in argument his personal belief and opinions is not subject to cross-examination, may have no qualifications, and certainly has disqualifications. His argument of what he wants the jury to believe unavoidably may imply his own views, but to add to that the direct assertion and weight of his personal opinion and beliefs changes the whole level of contest. It should not be done.

charged, since this discharge was entirely immaterial to plaintiff's case, and was likely to arouse prejudicial feelings. Without the argument thereafter made I think this error might have been remedied in the charge, but, instead, plaintiff's inflammatory remarks magnified it. It does not lie in plaintiff's mouth to say this argument was not prejudicial, when he had been cautioned not to make it. Accordingly, the verdict is set aside, the judgment vacated, and a new trial ordered.