**David W. KELLY**

v.

**NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY.**

**Civ. A. No. 54–760.**

United States District Court
D. Massachusetts.

March 5, 1956.

**320**

———◆———

William H. Lewis, Jr., Boston, Mass., for plaintiff.

William J. Noonan, Boston, Mass., for defendant.

ALDRICH, District Judge.

Plaintiff, following a trial before me, a jury verdict in his favor, and my allowance of defendant's motion for new trial, D.C., 138 F.Supp. 82, has filed an affidavit of "Bias and/or Prejudice of the Trial Judge." The affidavit is thirteen pages long. It consists, outside of quotations from evidence, exhibits, and statements of counsel, and conclusions and opinions of the affiant, of rulings the court proposed to make, rulings it did make, statements by the court either on the record, or at the bench, or in the lobby during the course of the trial in connection therewith, and quotations from the opinion allowing the motion for new trial.

 At the hearing on the legal sufficiency of the affidavit I invited counsel to submit cases, and he furnished six, in the following order—Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481; Tucker v. Kerner, 7 Cir., 186 F.2d 79; United States v. Shibley, D.C.S.D.Cal., 112 F.Supp. 734; United States v. Buck, D.C.W.D.Mo., 23 F.Supp. 503; Foster v. Medina, 2 Cir., 170 F.2d 632, certiorari denied 335 U.S. 909, 69 S.Ct. 412, 93 L.Ed. 442; and Eisler v. United States, 83 U.S.App.D.C. 315, 170 F.2d 273, appeal dismissed 338 U.S. 189, 69 S.Ct. 1453, 93 L.Ed. 1897; Id., 338 U.S. 883, 70 S.Ct. 181, 94 L.Ed. 542. With the exception of the Berger case, the facts of which bear no similarity to the one at bar, each one of these cases held that the affidavit therein was insufficient. The principles recited in some are quite apposite. In United States v. Shibley, supra, 112 F.Supp. at page 748, the court said,

"Repeated rulings against a litigant, no matter how erroneous, and how vigorously and consistently expressed, are not disqualifying."

If plaintiff can disqualify the trial court for claimed bias and prejudice based on rulings during the trial, so can defendant, against whom a number of rulings were also made, including a refusal to direct a verdict. Cf. Craven v. United States, 1 Cir., 22 F.2d 605, certiorari denied 276 U.S. 627, 48 S.Ct. 321, 72 L.Ed. 739. It is not intended that a judge may preside over a retrial only by the grace of the parties. The matters alleged in the affidavit are entirely insufficient to support the plaintiff's conclusions. Craven v. United States, supra. The affidavit is stricken.