RICHMAN v CITY OF BERKLEY

Docket No. 77-2086. Submitted April 20, 1978, at Detroit.—Decided
    June 20, 1978. Leave to appeal applied for.

    Stella Richman brought an action against the City of Berkley for
    damages for injuries allegedly received when a car in which she
    was riding was struck by a city truck. The city admitted its
    liability, and the matter went to the jury solely on the issue of
    damages. The Oakland Circuit Court, Robert B. Webster, J.,
    entered a judgment for plaintiff in the amount of no dollars
    because the jury had returned a verdict in the amount of
    $1,000 and the city had already made advance payments to the
    plaintiff of approximately $2,000. Plaintiff appeals, alleging
    that the trial court erred in refusing to give the plaintiff's
    requested jury instructions regarding the plaintiff's pre-existing
    conditions and on the apportionment of damages. *Held:*

        1. A requested instruction that a defendant must take the
    plaintiff as he finds him is a basic tort rule of law and should
    have been given.

        2. A requested instruction that the jury should hold a defend-
    ant liable for the entire injury where it is impossible to appor-
    tion damages between a plaintiff's pre-existing condition and
    the aggravation of that condition caused by the defendant's
    negligence should have been given.

        Reversed and remanded.

1. Torts—Instructions to Jury—Refusal to Instruct.

    A trial court's refusal to give a plaintiff's requested instruction to
    the jury on a basic tort rule of law, that a tortfeasor takes his
    victim as he finds him, is error.

2. Negligence—Instructions to Jury—Pre-existing Injury—Ag-
    gravation of Injury—Apportionment of Damages.

    An instruction to the jury in a negligence case that if it is
    impossible to apportion damages where the actions of the

---

References for Points in Headnotes
[1] 57 Am Jur 2d, Negligence §§ 8, 160.
[2] 22 Am Jur 2d, Damages § 360.
[3] 5 Am Jur 2d, Appeal and Error § 811.

defendant have caused an aggravation of a pre-existing condition in the plaintiff the defendant should be held liable for the entire injury is proper and should be given by a trial court where requested by the plaintiff and where the evidence supports such an instruction.

3. APPEAL AND ERROR—TRIAL—INSTRUCTIONS TO JURY—REFUSAL TO INSTRUCT.

Refusal of a trial court to give a requested jury instruction which states the applicable law and which is supported by the evidence is error; if the error might well have altered the result, or is one without which the Court of Appeals can say the result might well have been different, the error is reversible.

*Peter R. Barbara & Associates, P. C.* (by *Peter R. Barbara* and *Frank G. Becker),* for plaintiff.

*Patterson & Patterson, Whitfield, Manikoff and White,* for defendant.

Before: D. F. WALSH, P. J., and D. E. HOLBROOK and R. M. MAHER, JJ.

D. E. HOLBROOK, J. On March 17, 1975, plaintiff, Stella Richman, instituted suit in Oakland County circuit court, seeking recovery for injuries allegedly caused when defendant City of Berkley's garbage truck struck the rear of the car in which plaintiff was a passenger. The accident occurred on August 2, 1973. The case went to the jury solely on the question of damages as the defendant admitted its liability. The jury rendered a verdict for plaintiff of $1,000. Since defendant had made advanced payments of approximately $2,000, a judgment for plaintiff was entered in the amount of no dollars. Plaintiff filed a motion for a new trial or in the alternative, for additur. This motion was denied and plaintiff appeals as of right.

Plaintiff raises two issues on appeal. This Court need only address the issue of whether the trial court committed reversible error when it refused

to give plaintiff's supplemental instructions number II and III.

The plaintiff requested that the trial court give the following jury instructions:

*"Supplemental Instruction II*

"You are instructed that it is the law of this state that the defendant takes the injured person as he finds him. Thus, the fact that the injuries and damages sustained were not anticipated will not relieve defendant from liability and monetary damages for any and all disabilities resulting to plaintiff as a proximate result of defendant's negligence. Therefore, you are instructed that if you find that the plaintiff was unusually susceptible to injury and damage, that fact will not relieve the defendant from liability and monetary damages for any and all disability and damages resulting to her as a proximate result of defendant's negligent misconduct.

*"Supplemental Instruction III*

"Under our law, the defendant is responsible to compensate and *[sic]* injured plaintiff for that damage which his wrong has caused. If a condition of pain or disability in the plaintiff is a product of a pre-existing disease or state of health, and the effects of trauma from the accident which is the basis of this suit, you must attempt to apportion such pain and disability as to whether it was due to the accident or would have existed in any event. However, it becomes impossible to make this apportionment if you can't apportion the amount of damages resulting from each individual cause, the defendant whose act of negligence caused the trauma and the very problem of the risk of uncertainty, is held responsible for the entire damage. That is only if you cannot separate. Thus, if you, the jury, are unable to make an apportionment or division of accident and non-accident injuries and damages, there is, what in law is considered to be an indivisible injury and the defendant must be deemed to be responsible for all such injury and damages you have determined her to have sustained. If from the nature of the case damages cannot be estimated with certainty and there is a risk

of giving by one course less and another course more than a fair compensation, it is the policy of the law of this state that it is better to run a slight risk of giving somewhat more than actual compensation than to reach a result which under the circumstances of the case, would in all reasonable probability, prejudice the injured plaintiff for the recovery of a large portion of the damages he has sustained."

Instruction number II is a basic tort rule of law —a tortfeasor takes his victim as he finds him. *McNabb v Green Real Estate Company,* 62 Mich App 500, 518; 233 NW2d 811 (1975), *lv den,* 395 Mich 774 (1975). This instruction should be given by the trial judge in the new trial.

Plaintiff's requested supplemental instruction number III was given and approved in *McNabb, supra,* pp 515–519. In *McNabb,* plaintiff brought suit for a fractured left leg he suffered in 1969 as a result of falling on defendant's steps. In 1971, he suffered a stroke which affected his right leg and in 1972 he had to have three toes amputated from his left foot because of gangrene. At trial, there was considerable dispute over whether the 1971 stroke was related to the 1969 fall and the extent to which the 1969 fall had contributed to Mr. McNabb's disability.

The trial court in *McNabb* gave an instruction to the jury which was identical to plaintiff's supplemental instruction number III in the instant case. In discussing the propriety of the instruction, the Court stated as follows at 517–519:

"*We find this instruction to have been correctly given.* A clear factual basis for it exists. The first emphasized portion of the instruction, *i.e.,* that if the jury could not apportion damages, it should hold defendant responsible for all of them, was based on a decision of the Colorado Supreme Court, *Newbury v*

*Vogel,* 151 Col 520; 379 P2d 811 (1963). The plaintiff in that case suffered from arthritis prior to the time that he was in an auto accident with the two defendants. Two medical experts could not apportion plaintiff's injuries between his pre-existing condition and the accident-caused aggravation of that condition. The court found that the trial court had committed error in refusing to give an instruction tendered by plaintiff substantially the same as the one given in the instant case. The court held, p 524:

" 'We find the law to be that where a pre-existing diseased condition exists, and where after trauma aggravating the condition disability and pain result, and no apportionment of the disability between that caused by the pre-existing condition and that caused by the trauma can be made, in such case, even though a portion of the present and future disability is directly attributable to the pre-existing condition, the defendant, whose act of negligence was the cause of the trauma, is responsible for the entire damage. *Owen v Dix,* 210 Ark 562, 196 SW2d 913, *Wise v Carter,* 119 So 2d 40 (Fla Civ App, 1960).'

"While this holding has been followed in a number of other jurisdictions, there is no dispositive Michigan case. We hold that, based on an examination of relevant Michigan case law, the challenged instruction accurately states the policy of this jurisdiction and was correctly given. It has long been established that a wrongdoer takes an injured person as he finds him, and, that, if the defendant's wrongful conduct is proved by a preponderance of the evidence to be a proximate cause of the aggravation of a latent disability, he is liable for such aggravation. *Schwingschlegl v City of Monroe,* 113 Mich 683; 72 NW 7 (1897); 2 Restatement of Torts 2d, § 461, p 502; 2 Harper and James, The Law of Torts, § 20.3, p 1127. More significant is the policy of this jurisdiction as to the apportionment of the burden for uncertainty of damages. As the trial court noted in the second emphasized portion, uncertainty as to causation should be resolved in favor of the victim.

"This has long been the law of this jurisdiction. *Allison v Chandler,* 11 Mich 542, 553–554 (1863), *Grant v National Acme Co,* 351 F Supp 972, 981 (WD Mich

1972). This policy does not, as defendant claims, remove from a plaintiff the burden of showing that the negligence of the defendant was the proximate cause of the injury, *Schwingschlegl v City of Monroe, supra.* It merely gives the benefit of any doubt in determining. damages to the party whom the jury has found to have been wronged." (Emphasis added.) (Footnote omitted.)

In the instant case, this instruction should have been given. A review of the testimony at the trial indicates that the August 2, 1973, accident caused aggravation of pre-existing diseases and weaknesses of plaintiff.

As to the depression and anxiety, plaintiff's three children testified that their mother had experienced mental problems in the past which primarily resulted from plaintiff's marital problems. However, they stated that plaintiff was on her way to recovery before the accident, but that after the accident their mother became very depressed. Doctors Danto and Essler testified that prior to the accident plaintiff used a very active lifestyle as a defense mechanism to combat her depression. However, after the accident plaintiff was no longer able to maintain this active lifestyle which resulted in an aggravation of her condition causing chronic depression.

As to the claimed back injury which required a lumbar laminectomy, the testimony of the lay witnesses was that plaintiff never complained of back pain before the accident but did begin to complain of pain within a day or two after the accident. Dr. Farbman testified that x-rays of plaintiff's back showed degenerative changes in the spine which have occurred over an approximate 10-year period. Dr. Latimer testified that on and off back and leg pains could be caused by degenerative changes or arthritis. Thus, it appears

that plaintiff's back problems after the accident could have stemmed from the arthritis alone or an accident-caused aggravation of the arthritis, or the accident-caused nerve root impingement alone. As with the mental problems, it was the province of the jury to determine which of these was the true situation.

In refusing to give the requested jury instructions, the trial judge removed these determinations from the jury. Refusal to give a requested instruction which states the applicable law and is supported by the evidence is error. *AAMCO Automatic Transmissions, Inc v Motor Trans, Inc,* 45 Mich App 539, 543; 207 NW2d 156 (1973), *lv den,* 389 Mich 817 (1973), *Nowicki v Suddeth,* 7 Mich App 503, 511; 152 NW2d 33 (1967). If the error might well have altered the result, or is one without which this Court can say the result might well have been different, the error is reversible. *Rouse v Gross,* 357 Mich 475, 481–482; 98 NW2d 562 (1959), *Gapske v Hatch,* 347 Mich 648, 659; 81 NW2d 337 (1957). In the case at bar, applying these tests, the error was reversible and requires a new trial.

Reversed and remanded for a new trial. Costs to plaintiff.