MASON v THE CHESAPEAKE AND OHIO RAILWAY COMPANY

Docket No. 49848. Submitted April 9, 1981, at Lansing.—Decided
   October 6, 1981. Leave to appeal applied for.

   Walter Mason, an employee of the Chesapeake and Ohio Railway
   Company, suffered a back injury during his employment. He
   had previously suffered 12 other work-related back injuries. He
   was placed on sick leave and, a few weeks later, was discharged
   from his employment for having falsified the accident report.
   Mason brought an action against the railroad under the Fed-
   eral Employers' Liability Act, alleging that the railroad's negli-
   gence had led to his injury. The Genesee Circuit Court, Robert
   M. Ransom, J., entered a judgment on a jury verdict in favor of
   plaintiff. Defendant appeals, alleging several errors. *Held:*

   1. Defendant alleges that the trial court improperly pre-
   cluded reference at trial to the plaintiff's discharge and to a
   subsequent administrative proceeding upholding the discharge.
   The defendant failed to make an adequate offer of proof to
   justify admission, however, and the justifications advanced by
   defendant on appeal were not presented to the trial court. The
   court did not err in excluding the evidence regarding the
   discharge.

   2. The trial court did not impermissibly shift the burden of
   proof in its jury instructions regarding the apportionment of
   damages between this injury and the prior injuries.

   3. The defendant's claim that the trial court erred by allow-
   ing evidence concerning the prior injuries but precluded defen-

REFERENCES FOR POINTS IN HEADNOTES
[1, 6] 29 Am Jur 2d, Evidence §§ 251, 252.
   53 Am Jur 2d, Master and Servant §§ 383, 385.
[2] 29 Am Jur 2d, Evidence §§ 251, 252.
   53 Am Jur 2d, Master and Servant §§ 45, 46, 383.
[3] 5 Am Jur 2d, Appeal and Error § 881.
   29 Am Jur 2d, Evidence §§ 2, 251, 252.
[4] 5 Am Jur 2d, Appeal and Error § 891.
[5] 29 Am Jur 2d, Evidence § 251.
[7] 30 Am Jur 2d, Evidence § 923.
   81 Am Jur 2d, Witnesses §§ 303, 304.
[8] 5 Am Jur 2d, Appeal and Error §§ 624, 626.

dant from showing that the prior claims had been settled is not supported by the record. The jury was made aware of the fact that plaintiff had been compensated for the prior injuries. The jury was repeatedly instructed that only the damages arising from the last injury were to be considered. Further, the issue of apportionment is not properly preserved for appeal, nor was the fact of the settlements relevant to the apportionment issue.

4. Defendant failed to establish a proper foundation for admission of a memorandum made by plaintiff's former supervisor, who was deceased at the time of trial. Exclusion of the memorandum was not error.

5. The jury verdict was not excessive.

6. Certain remarks of plaintiff's counsel during closing argument were not so prejudicial that they could not have been cured by an instruction to the jury had an objection and request for such a curative instruction been made.

Affirmed.

CYNAR, P.J., dissented from the majority's holding that preclusion of evidence regarding the settlements of the prior injury claims was not error. He would hold that the fact of the prior injuries and the fact of the settlements were relevant to the issue of apportionment of damages between the prior injuries and the injury giving rise to this action, and that exclusion of this evidence was error requiring reversal. He would reverse and remand for a new trial.

OPINION OF THE COURT

1. EVIDENCE — RELEVANT EVIDENCE.

Evidence that a plaintiff in a case arising out of a work-related injury had received settlements for several previous, similar injuries was not relevant to the question of apportionment of damages where the jury was cautioned that they were to consider only the latest injury in setting damages; therefore, exclusion of evidence of the settlements was not error.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY CYNAR, P.J.

2. EVIDENCE — WORK-RELATED INJURY — DISCHARGE FROM EMPLOYMENT.

The fact that a claimant seeking damages for injuries suffered while in the course of his employment as a railroad brakeman was subsequently discharged from that employment for cause was properly excluded from evidence at trial where the discharge was not relevant to the fact that the injury prevented him from working.

3. Evidence — Relevant Evidence — Offer of Proof.

Failure of a party to offer proof at trial to show the relevancy of certain evidence precludes appellate review of the party's claim that the trial court erred in excluding that evidence.

4. Appeal — Jury Instructions.

The Court of Appeals reviews jury instructions as a whole; further, failure to object at trial to a jury instruction precludes appellate review of the instruction.

5. Evidence — Admission of Evidence — Judge's Discretion.

Admission of evidence rests in the discretion of the trial court and its determination will not be set aside absent an abuse of discretion.

6. Evidence — Relevant Evidence — Abuse of Discretion.

*Evidence that a plaintiff in a case arising out of a work-related injury had suffered several previous similar injuries and had made settlements for those injuries was relevant to the issue of damages, and the trial court abused its discretion where it allowed introduction of evidence showing the occurrence of the prior injuries but precluded evidence of the settlements.*

7. Statutes — Evidence — Deadman's Statute — Rules of Evidence.

The deadman's statute has been abrogated by adoption of the rule of evidence pertaining to the competence of witnesses to testify (MRE 601).

8. Appeal — Argument of Counsel.

Appellate review of allegedly improper but unobjected-to argument is limited to a determination of whether the statements of counsel were so extremely prejudicial that even a correction by the trial court would not have undone the harm.

*Peter R. Barbara & Associates, P.C.* (by *Peter R. Barbara* and *Frank G. Becker),* for plaintiff.

*Cross, Wrock, Miller & Vieson* (by *W. Robert Chandler* and *Michael A. Holmes) (Robert A. Straub,* of counsel), for defendant.

Before: Cynar, P.J., and Bronson and D. F. Walsh, JJ.

BRONSON, J. We concur with all portions of Judge CYNAR's opinion except the analysis contained in part III. Our reasons will be detailed below.

It is true, as Judge CYNAR notes, that the trial court ruled that evidence concerning prior settlements was inadmissible. The fact is, however, that this information did come to the jury's attention. On cross-examination of plaintiff, defense counsel asked him, without objection, whether he had been compensated for his time off due to the previous injuries. Plaintiff answered in the affirmative. Additionally, the testimony of one of defendant's agents, elicited by defense counsel, to the effect that he did not know if the previous claims had been settled was allowed to stand.

The dissent states that the trial court erred reversibly in not allowing further testimony concerning the previous settlements because the jury was instructed that it should apportion damages between the June 9, 1975, injury and the previous accidents if possible. The jury was repeatedly instructed that only the damages arising from the June 9, 1975, accident were compensable and damages resulting from the earlier injuries were not compensable. Given this instruction, we are unable to see how the jury's knowledge of the exact contours which the settlements took had any bearing on the jury's ability to apportion damages caused by the June 9th accident and the previous ones. The dissenting opinion takes the unusual approach of assuming the jury ignored repeated cautionary instructions concerning the apportionment of damages.

We also note that defense counsel did not attempt to present the evidence of settlements on the basis that they were somehow material to the

apportionment issue. Instead, defense counsel's position was based solely on the premise that it would be highly prejudicial if the fact of settlement were not admitted into evidence because the jury might speculate that plaintiff was never compensated for his prior injuries. We also note that plaintiff never made an offer of proof in accordance with MRE 103(a)(2). It is not obvious to us what form any testimony concerning prior settlements would have taken, particularly as the one agent of defendant asked about prior settlements stated that he had no knowledge of them. Thus, we do not believe the apportionment aspect of this issue is properly preserved for appeal. Furthermore, as noted above, we do not believe the fact of the prior settlements of claims arising out of accidents not the basis of the suit was relevant to the apportionment question. The fact of the prior settlements did not make it more probable that damages could be apportioned between the accident which was the basis of the suit and the earlier mishaps. See, MRE 401.

We have already touched upon the second reason, and the one properly preserved for appeal, advanced by the defendant for reversing this case, to-wit: that the jury might speculate that plaintiff was uncompensated for the previous injuries if evidence of the settlements were not admitted. We reiterate our belief that whether or not plaintiff was compensated for the other accidents was immaterial to the apportionment question. At issue was the extent to which plaintiff's injuries were a product of the June 9, 1975, mishap and to what extent the injuries were caused by previous accidents. The extent of the injuries caused by the various mishaps was in no way altered whether plaintiff received nothing or millions for the previ-

ous injuries. As noted previously, the trial court was very careful to instruct the jury that damages were only to be awarded in respect to the injuries suffered on account of the June 9, 1975, occurrence. Unless we assume the following, the preserved basis for appeal presents no basis for reversal: (1) that the jury ignored the court's instructions that only injuries attributable to the June 9th accident were compensable, (2) that the jury actually found that the injuries sustained by plaintiff could be apportioned between the June 9th mishap and the earlier accidents, and (3) that the jury refused to apportion the damages because it believed plaintiff had never been compensated for the injuries attributable to the earlier accidents except to the extent of lost wages. We might add that it was defense counsel who explicitly elicited from plaintiff the fact that he had been compensated to the extent of wages. Upon receiving this answer no further questions were asked concerning the settlements. In any case, we are unwilling to make the assumptions necessary to justify reversing this matter.

This case was well tried by experienced counsel and was well conducted by an excellent trial judge known for his expertise in tort law. Particularly in light of the trial court's expert handling of this litigation, we conclude that the dissenting opinion assumes far too much on far too little record evidence. As we read the trial transcript, the court bent over backwards to instruct the jury properly on the use of the evidence of prior accidents and on apportionment of damages. Nothing in the record lends support to the assumption that the jury refused to follow the court's clear and repeated instructions.

Affirmed. Costs to plaintiff-appellee.

D. F. WALSH, J., concurred.

CYNAR, P.J. *(concurring in part, dissenting in part).* Defendant, Chesapeake & Ohio Railway Company (C & O), appeals from a Genesee County Circuit Court jury's finding that it was liable in the amount of $1.8 million for injuries to plaintiff, Walter Mason. After the trial court denied defendant's motion for a new trial, C & O appealed as of right under GCR 1963, 806.1.

On November 19, 1966, plaintiff was hired as a brakeman for C & O. When he was hired, Mason had no problem with his lower back. However, between 1966 and 1975, he sustained 12 work-related injuries to his back. Because of these injuries, plaintiff was diagnosed as suffering from acute lumbosacral syndrome.

According to plaintiff's testimony, on June 9, 1975, the crew plaintiff was assigned to was ordered to move an engine from defendant's roundhouse. As the crew's head man, plaintiff was required to throw switches enabling the engine to proceed down the correct tracks. While throwing the switch that would enable the engine to be moved from the roundhouse, he felt a twinge in his back. After the engine passed over the switch, plaintiff realigned it and climbed onto the engine. As plaintiff proceeded towards the engine's cab, he slipped on some oil and mud that his shoes had picked up in the roundhouse. To prevent his fall, plaintiff reached for grab irons on the side of the engine and felt a pulling sensation in his lower back. Experiencing a sharp pain in his lower back, plaintiff informed his supervisor, Ernest Nunnery, that he had been injured. After examining him, the company doctor placed him on sick leave. On July 24, 1975, defendant discharged plaintiff for falsifying the accident report. This discharge was

challenged under the Federal Railway Labor Act, 45 USC 151 *et seq.,* and a Public Law Board, a body arbitrating railroad employees' grievances, upheld the propriety of the discharge.

## I

Defendant's first claim of error is that the trial court improperly precluded any reference at trial to the fact that plaintiff was discharged by defendant after the accident or any reference to the subsequent administrative ruling with respect to that discharge.

Plaintiff made a pretrial motion to exclude the matters in question, arguing that plaintiff's discharge, the disciplinary investigation and the ruling of the Public Law Board were not relevant to the issues raised by plaintiff's complaint, those being whether an injury had, in fact, occurred and, if so, the extent of damages.

In response, defendant first attempted to distinguish the case of *Kelly v New York, N H & H R Co,* 138 F Supp 82 (D Mass, 1956), which was relied on by plaintiff, on the factual difference that an intentional stabbing by a fellow employee rather than an accidental injury was involved therein. This is, however, a distinction without a difference, since the subsequent discharge of the plaintiff in either case was irrelevant to the question of whether the damage-causing incidents occurred.

The only other argument made by defendant was that it would be unfair to prevent the presentation of the testimony that had been given in the disciplinary proceedings because that evidence was necessary to show that an injury had not occurred.

The trial court excluded references to the dis-

charge but stated that defendant could present evidence of the investigation leading to the discharge. The court also stated that it might allow reference to the Public Law Board's findings if those findings were submitted to the court for review. Defendant, however, never submitted the findings to the trial court. Defendant appeals the trial court's ruling, claiming that references to the discharge and the Public Law Board's findings should have been allowed.

None of the justifications now advanced by defendant on appeal to support the admissibility of the fact of plaintiff's discharge were presented to the trial court.

Defendant subsequently attempted to introduce testimony regarding plaintiff's discharge at various points of the trial, but on each such occasion, defendant failed to make an adequate offer of proof to justify admission.

During the trial, defendant tried to introduce the fact of plaintiff's discharge. Robert Helferty, a doctor employed by defendant, testified concerning his examination of plaintiff on June 10, 1975. During direct examination by plaintiff, Helferty stated that defendant would not permit Mason to return for an examination on July 24, 1975. On cross-examination, defense counsel asked Helferty if he knew why defendant would not allow plaintiff to be re-examined on July 24, 1975, but plaintiff's counsel objected to the question. Defendant made an offer of proof to show that Mason was not allowed to be re-examined by Helferty because plaintiff had been discharged. However, Helferty was unaware that Mason had been discharged. The trial court, therefore, did not err in excluding references to the discharge at that point, since the witness admitted that he was unaware of Mason's discharge.

Defendant tried to use the discharge during the cross-examination of John F. Burke, an economist. During direct examination, Burke testified that Mason's future lost wages had a present market value of $582,873. Burke calculated these wages based upon Mason's position as a brakeman for C & O. During cross-examination, defense counsel, despite the trial court's ruling, asked Burke if he knew that plaintiff had been discharged for cause. Plaintiff's counsel objected and the trial court allowed defendant to make an offer of proof. During the offer of proof, Burke admitted that he was aware of plaintiff's discharge, but that he figured plaintiff's future earnings based upon a brakeman's wages because plaintiff's injury occurred prior to his discharge. After the jury was brought back into the courtroom, defendant's counsel was not allowed to refer to plaintiff's discharge.

The evidence showed that as of June 9, 1975, plaintiff could not work as a brakeman because of his injury. The fact that he was discharged on July 24, 1975, was not relevant to the fact that his injury prevented him from working. Therefore, the trial court did not err when it refused to allow any further reference to the discharge.

While defendant claims that the discharge was relevant to show the cause of plaintiff's hostility, mental problems and anger and to impeach his credibility, defense counsel's failure to offer proof on these claims bars review. The trial court did not abuse its discretion when it excluded references to plaintiff's discharge.

II

Defendant argues that the trial court shifted the

burden of proof to defendant when it gave the following instruction:

"However, if you can't apportion the amount of damages resulting from each individual on-the-job injury, the defendant whose act of negligence caused the trauma and the very risk of uncertainty is held responsible for the entire damage; that is only if you cannot separate the damages.

"Thus, if you're unable to make an apportionment or division of the injuries and damages from the June 9, 1975 occurrence and the injuries and damages from prior on-the-job injuries, there is what in the law is considered to be an indivisible injury, and the defendant must be deemed to be responsible for all such injury and damages you determine the plaintiff to have so suffered."

When reviewing jury instructions, this Court will review the instructions as a whole, *Kirby v Larson,* 400 Mich 585, 606; 256 NW2d 400 (1977). Furthermore, failure to object to a jury instruction before the jury retires precludes appellate review. *Conel Development, Inc v River Rouge Savings Bank,* 84 Mich App 415, 424-425; 269 NW2d 621 (1978).

In this case, the trial court gave an instruction that the burden of proof was on the plaintiff. The trial court also instructed the jury to consider only those injuries arising from the June 9, 1975, accident. Furthermore, the instruction objected to by defendant was approved by this Court in *Richman v City of Berkley,* 84 Mich App 258, 260-263; 269 NW2d 555 (1978). Finally, defendant failed to object to this particular jury instruction and has waived review of it.

## III

Defendant claims that the trial court erred when it allowed testimony concerning plaintiff's

prior injuries but precluded defendant from showing that plaintiff's prior claims had been settled.

MRE 402 allows the admission of all relevant evidence unless otherwise provided by the Michigan Rules of Evidence. MRE 401 states:

> " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Admission of evidence rests within the trial judge's discretion and his determination will not be set aside absent an abuse of discretion. *Aetna Life Ins Co v Brooks,* 96 Mich App 310, 314; 292 NW2d 532 (1980).

In this case, plaintiff, while working for defendant, had sustained a number of work-related injuries to his back prior to the June 9, 1975, accident. Over defendant's objection, testimony was introduced regarding plaintiff's prior injuries.

The prior injuries were relevant in the instant case because: (1) plaintiff's demonstration of negligence on the part of defendant was based partly on defendant's knowledge of plaintiff's back problems, and (2) plaintiff's theory was that his injury in the instant case caused an aggravation of his prior back problems.

The fact that the prior claims had been disposed of by settlement was also relevant in that the jury was entitled to know all of the circumstances surrounding those accidents, particularly in view of the previously discussed instruction that they were to apportion the damages if possible. I also believe that defendant is rightfully concerned with the possibility of prejudice which may have arisen from the fact that it was portrayed as not having compensated defendant for anything more than lost wages arising out of the prior accidents.

The trial court has discretion to exclude even relevant evidence on grounds of prejudice, confusion or waste of time under MRE 403. In the instant case, the trial court abused its discretion in refusing to admit evidence of the prior settlements because none of the grounds for excluding relevant evidence were present in the instant case. If anything it was unfairly prejudicial to defendant to exclude the evidence in question, and I perceive no possible prejudice to plaintiff that would result from its admission. Admission of the evidence would not have been unduly confusing, its omission was in fact misleading in light of the jury's need to apportion damages between the latest and the prior accidents, and it certainly cannot be said that the presentation of the evidence would have been cumulative or a waste of time. I believe that defendant is entitled to a new trial at which defendant is entitled to inform the jury of the prior settlements.

## IV

Defendant's arguments that a memorandum made by Ernest Nunnery should have been admitted by the trial court are without merit.

Prior to trial, plaintiff's counsel moved to exclude any reference to statements or memoranda made by Ernest Nunnery, a deceased trainmaster of defendant. The trial court ruled that any statements made by Nunnery probably were inadmissible hearsay but it did allow defendant to offer proof that the statements were within an exception to the hearsay rule. While cross-examining Barbara Morley, Nunnery's secretary, defense counsel tried to introduce a report made by Nunnery. When plaintiff's counsel objected, defendant attempted to lay a foundation to establish the

report as a business record. The trial court sustained plaintiff's objection when defendant failed to lay a proper foundation.

Although Morley identified the memorandum as one made by Nunnery, she was unable to state that the memorandum was made at or near the time of plaintiff's injury. Furthermore, there was no testimony presented showing that the memorandum was a record kept in the course of a regularly conducted business or that it was a regular practice of the defendant to keep the record. Therefore, defense counsel failed to establish a foundation for admitting the record under MRE 803(6), and the trial court did not err in excluding the memorandum.

Defendant also argues that the record was admissible under the deadman's statute, MCL 600.2166(3); MSA 27A.2166(3). However, this Court has found that MRE 601 has abrogated the deadman's statute. *Dahn v Sheets,* 104 Mich App 584; 305 NW2d 547 (1981). Therefore, the trial court properly excluded Nunnery's memorandum.

V

Defendant's claim that the jury verdict of $1.8 million was excessive and unduly affected by the trial court's limitations on the presentation of evidence is without merit.

Defendant does not appear to claim that the verdict is not supported by the evidence, although if this claim could be inferred from defendant's brief I would be compelled to find that the evidence of defendant's physical and mental problems is adequate to support the verdict.

Defendant claims, rather, that the trial court's ruling that defendant could not show that plaintiff

had been discharged resulted in a verdict that was based on incomplete information.

As discussed above, defendant never presented the trial court with adequate grounds for admitting the fact of plaintiff's discharge. Since the discharge was in fact irrelevant to the question of defendant's damages, I find that omission of the evidence is not grounds for a finding that the verdict was excessive. What defendant is really attempting is to relitigate the question of damages under a new theory which was never presented to the trial court.

## VI

Defendant's final claim of error, that plaintiff's counsel made improper remarks in closing arguments that were so prejudicial as to require a new trial, is without merit.

Appellate review of allegedly improper but unobjected-to argument is limited to a determination of whether the statements of counsel were "so extremely prejudicial that even a correction by the court would not undo the harm". *Smith v E R Squibb & Sons, Inc,* 69 Mich App 375, 386; 245 NW2d 52 (1976), *aff'd* 405 Mich 79; 273 NW2d 476 (1979).

Plaintiff's counsel stated during closing arguments:

"You know, all of these injuries—and you've heard the testimony—were caused in part by—right up to the injury of June 9th of '75—by the failure of the railroad to keep its equipment in proper condition. You know about the brakes, that if the—when you're tying down a boxcar or a gondola, if the brakes aren't working properly, instead of, say, thirty pounds of pressure, it might take 100 pounds of pressure.

"And you heard testimony that many of the pieces of equipment that Mr. Mason had to work with over this period of years was many times, and quite often, not in working condition.

"The switches, the drawbars, they contributed, over the years, to all of these injuries that culminate in the June 9th, 1975 injury."

Defense counsel did not object to this argument.

Plaintiff's counsel's arugment that plaintiff's injuries resulted from the cumulative effect of his previous injuries was supported by the record. There was also evidence that the roundhouse contained oil and mud. However, Mason did not testify that his prior injuries were caused by defective equipment. Plaintiff's counsel's remarks were therefore outside the scope of the evidence, but they were not so prejudicial as to be incurable by instructions to the jury. If defendant had objected to plaintiff's argument, the trial court could have instructed the jury to ignore the remarks concerning other defective equipment. Failure to object where an instruction could cure the error waives appellate review. *Tiffany v The Christman Co,* 93 Mich App 267, 282; 287 NW2d 199 (1979).

For the reasons discussed in part III above, I would reverse the trial court and grant a new trial. None of the other issues raised require reversal.