# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID ALLEN as personal representative of the
ESTATE OF MARLYA ALLEN,

UNPUBLISHED
March 30, 2017

Plaintiff-Appellant,

v

No. 330872
Genesee Circuit Court
LC No. 14-103997-NI

MICHAEL JOHN HARRINGTON,

Defendant-Appellee,

and

CITIZENS INSURANCE COMPANY and JOHN
EDWARD MCFADDEN,

Defendants.

Before: M. J. KELLY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's grant of summary disposition in favor of defendant Michael John Harrington.[1] This case arises out of an automobile accident in which defendant drove into the side of a car in which plaintiff was a rear-seat passenger. For purposes of the instant summary disposition motion, defendant admitted liability for the accident. However, plaintiff had driven her own car into a ditch shortly before the subject accident, and apparently suffered no injuries pursuant to her discharge from the emergency room after the second accident. A month later, plaintiff had an MRI exam performed, which revealed multiple disc herniations in her spine, and she complained of pain. Defendant contended that plaintiff was unable to establish causation. The trial court agreed and also found that plaintiff had failed to establish injuries. We affirm.

---

[1] Harrington will be referred to as the singular "defendant" in this matter because all other parties were dismissed by stipulation in the lower court and are not participating in this appeal.

-1-

The underlying facts are not seriously disputed. On December 14, 2013, plaintiff was sent home from work because she appeared to be suffering from unusual confusion. Her employer offered her a ride, which she refused; she proceeded to drive herself headfirst into a four-foot-deep ditch at approximately 30 MPH. Plaintiff was then picked up by a friend, John McFadden, and rode as a passenger in the rear seat, whereupon defendant drove into the side of McFadden's car, causing it to roll over. The Traffic Crash Report indicated that plaintiff had been "restrained but injuried [sic]" but also "conscious and alert, but slight [sic] disoriented from the impact and rollover." Plaintiff was transported by ambulance to the hospital, where medical records confirmed that the second accident also occurred at approximately 30 MPH. At the hospital, plaintiff denied any complaints but was described as having been unrestrained in the rear seat. Furthermore, her employer stated that the confusion she displayed at the time was consistent with her state when she had been sent home, and the only injury noted was a small abrasion to the front of her nose. Her trauma examination and basic laboratory tests were described as "unremarkable."

On December 17, 2013, plaintiff was discharged with a diagnosis of "altered mental status vicodin abuse thc abuse," and it was noted that she "was involved in 2 fender benders on the way to the hospital with no injuries." A CT scan was performed, and the discharge notes stated "brain and cervical spine neg [sic]." A urine toxicology screen was positive for THC. According to the notes for plaintiff's cervical spine CT scan, her "clinical indication" was "trauma," and the specific findings were:

No acute fracture or dislocation of cervical vertebrae.

Straightening of cervical spine. This could be from cervical positioning or cervical spasm. Mild narrowing of intervertebral disk height seen at C4-C5. Minimal anteriolisthesis of C4 on C5 more likely of degenerative etiology. Normal cervical central canal dimension. Posterior elements of cervical vertebrae are intact. Pre- and perivertebral soft tissues are unremarkable.

Bullous lesion seen in bilateral apical lungs.

It concluded that there was "[n]o acute bony injury of cervical vertebrae" and the straightening "could be from cervical positioning or cervical spasm."

Just over a month later, on January 23, 2014, plaintiff had an MRI taken of her spine. The MRI report found disc herniations at C2-C3, C3-C4, C4-C5, C5-C6, and C6-C7, the largest being at C5-C6, of cervical spine. It also found "[r]eversal of the mid lordotic curve possibly in part due to cervical strain/sprain." It found "normal signal and morphology" of her thoracic spine and "unremarkable" associated soft tissues, but a herniation at T4-T5. Subsequently, Dr. Sean Hoban, MD, issued a "disability certificate" for plaintiff effective from February 20, 2014, to March 25, 2014, for "Disc herniated, CHO, COPD." It stated that Dr. Hoban had "examined and/or treated" plaintiff "for injuries sustained in the aforementioned accident," although no accident is otherwise mentioned in the document. Plaintiff was specifically restricted from housework and driving, but "attending care" and "caring for patient's children" were *not* checked as activities from which she was disabled. Plaintiff died of completely unrelated and irrelevant causes a few months later.

Although defendant disputes whether plaintiff really did suffer any injuries, the trial court did not address that contention, and we find it unnecessary to do so.[2] Primarily, defendant argues that plaintiff has failed to establish that there is any possible way to show whether either of the two accidents was more likely to have caused any of her injuries. The trial court agreed. Plaintiff's argument is essentially that defendant has asserted that the first accident was the cause of her injuries but has provided no evidence so showing. Plaintiff misunderstands defendant's argument. Rather, leaving aside defendant's doubt that plaintiff was injured at all, defendant effectively concedes that it *is* possible that plaintiff was injured only in the second accident, but argues that there is no evidence from which one could derive more than a mere possibility of no greater probability than sustaining injuries in only the first or in both. Some obvious confusion exists because technically defendant's theory of the case would be that there *is* a genuine question of fact, but, critically, *an unresolvable one*. Put another way, there is no question that plaintiff cannot satisfy her burden of proof.

Presuming plaintiff has established that she was injured, none of the evidence in the record suggests a link between those injuries and any *specific* accident. It appears that the discovery period is over, so plaintiff is limited to the evidence in the record. Multiple depositions were taken, and plaintiff had ample opportunity to obtain evidence from her treating physicians, but nothing in the record even suggests that one of the accidents was more or less likely than the other to have caused her injuries. We do not even have evidence of the relative physical conditions of the two cars in which plaintiff rode from which such a conclusion *might*, conceivably, be inferable. The MRI report a month after the accident does not establish that the herniations found came from the accident, it merely establishes the *possibility*. Likewise, the discharge summary equivocates the possible reasons for the observed findings. The closest evidence plaintiff has to establishing causation is the Disability Certificate, which references an unidentified "aforementioned accident." Again, because there were two accidents, this is unhelpful.

At most, plaintiff has established that she suffered injuries *consistent with* receiving those injuries in the second accident. Plaintiff is not required to negate all other possibilities, but establishing the requisite "cause in fact" requires evidence of reasonable probability, not mere possibility. *Skinner v Square D Co*, 445 Mich 163, 162-167; 516 NW2d 374 (1994). Additionally, "[a] plaintiff who has suffered successive injuries bears the burden of proving that his current injury was caused by the subsequent accident (and not by some independent occurrence)." *Benefiel v Auto-Owners Ins Co*, 482 Mich 1087, 1087; 759 NW2d 814 (2008). Plaintiff has not established that it is more than possible that she suffered any injuries in the

---

[2] Although we note that it is not necessary for the trial court to address an issue for it to be preserved for appeal. See *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994).

second accident; assuming she suffered injuries at all, she has provided no way to do more than guess at which accident (or both) caused them. Plaintiff cannot survive summary disposition merely by "pledg[ing] to establish an issue of fact at trial." *Maiden*, 461 Mich at 121.

Affirmed.

/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Amy Ronayne Krause