## SARAH B. RICKABUS v. JOHN F. GOTT.

*Unfair opening—Attacks on character.*

A. devised part of his farm to B., an adopted daughter, and died leaving a widow who became administratrix, the will not being produced. The widow married again, and died without being discharged as administratrix. She left all her property to her second husband. B. married, had a son, lost her husband, and married again. *Held* that in proceedings by her to establish the missing will, contestant's counsel had no right, in opening to the jury, to relate dealings between the second husband of A.'s widow and the proponent's son, on one side, and the contestant on the other, in regard to the possession of the testator's farm, nor to narrate legal proceedings for its possession brought by proponent and the second husband, against contestant; these matters were foreign to the issue. And it was improper to suggest that B.'s son was born too soon after her marriage, and hearsay for a witness to state what he had heard Mrs. A. say on the subject. It was also improper to show by a physician how soon the birth happened, as this had no legal connection with the issue.

A trial judge must repress needless scandal and gratuitous attacks on the character of parties.

Error to Wayne. (Chambers, J.) June 21.—July 2.

APPEAL from probate order disallowing will. Proponent brings error. Reversed.

*Chas. B. Howell* and *Wm. F. Atkinson* for appellant.

*Browse T. Prentis* and *Geo. H. Prentis* for appellee.

GRAVES, C. J. This proceeding was brought by Mrs. Rickabus, in the court of probate, to prove and establish a missing will which she alleges was made and left by William Buck, who died at Grosse Pointe, November 30th, 1874. Her demand for probate was contested by John F. Gott, who is described as being Buck's nephew and heir at law, and the court decided adversely to her. She then appealed to the circuit court, where a trial was had before a jury with a like result, and she now complains of rulings there made.

At the time of his death the decedent Buck was sixty-four or sixty-five years of age.  He owned a large farm at Grosse Pointe and some other property.  For many years this farm had constituted the place of residence of himself and his wife Elizabeth, and it remained their home to the time of his decease.  If any children were born to them they must have died a long time since.  When about eight years of age the proponent was taken into the family as a member, and she continued in that situation until her marriage with one Cordy in February, 1858, and possibly until a later period.  She claims that she was received, treated and considered by decedent as his adopted child, and that he left a will by which he gave her forty acres of the farm referred to.  Several years since her husband Cordy died, and she afterwards intermarried with one Rickabus whose name she now bears.  During her marriage with Cordy a son was born to her.  On the death of Buck no will was produced, and his widow Elizabeth was appointed administratrix.  She subsequently intermarried with Charles Turner, and died without being discharged as administratrix.  She left all her property by will to Turner, and no one has been appointed in her place to represent the estate of Buck.  This sketch is perhaps redundant, but the fault is not very material.

First.  When contestant's counsel proceeded to make his statement preparatory to the introduction of testimony, he was allowed, against proponent's objections, to relate transactions between Turner and Charles Cordy, proponent's son, on the one hand, and the contestant on the other, in regard to the possession of the Buck farm, and to relate legal proceedings for such possession had between the contestant and the proponent and Turner.  These matters were foreign to the issue before the jury, and their introduction, under cover of an opening statement, was a plain impropriety which the court should have corrected.

Second.  On cross-examining one of proponent's witnesses contestant's counsel was suffered to suggest that proponent's son Charles was born very soon after her marriage,

and was allowed to follow the suggestion up by requiring the witness to state what he had heard Mrs. Buck say on the subject. There was no color of excuse for this practice. It was equally a violation of propriety and the rules of evidence. It was not only hearsay but irrelevant, and could have had no other object than to wound and disparage the proponent. But this line of proceeding was not permitted to stop here. Contestant's counsel subsequently called the physician who attended on proponent at her son's birth, and was allowed to have him testify that it occurred within two weeks after her marriage. This testimony had no legal connection with the question that was being tried, and the end to which it was obviously directed is utterly indefensible. The duty of the trial judge to repress needless scandal and gratuitous attacks on character is a very plain one, and good care should be taken to discharge it fully and faithfully.

It is useless to pursue this record further. Whatever may be the abstract justice of proponent's case,—a point we are not dealing with,—the fact is patent that the trial was unfair.

The order of the court must be set aside, with costs to proponent, and a new trial granted.

The other Justices concurred.