## AUSLAND v. PARKER.

Where a witness for plaintiff, in action for malicious prosecution in causing plaintiff's arrest on a criminal charge, had testified that plaintiff's nervous condition might have been caused by the arrest, it is error to allow defendant to attack plaintiff's character by asking on cross-examination if the nervous condition might not have been caused by a certain habit or vice of plaintiff; and by commenting on this to the jury; there being no evidence that plaintiff had such habit or vice, and the witness having previously testified, on cross-examination, that tnere are a great many causes for nervous debility.

FULLER, P. J., dissenting.

(Opinion filed February 12, 1901.)

Appeal from circuit court, Brule county, HON. FRANK B. SMITH, Judge.

Action by Martin Ausland against John Parker. Judgment for defendant. Plaintiff appeals. Reversed.

The facts are stated in the opinion.

*James Brown,* for appellant.

Allowing gratuitous attacks on the character of a party by means of testimony which has no legal bearing on the question involved, and which could have no other object than the disparagement of the party, is ground for a new trial.

Rickabus v. Gott, 16 N. W. 384.

*S. H. Wright, J. B. Long,* and *B. C. Huddle,* for respondent.

CORSON, J. This is an action for malicious prosecution. Verdict and judgment were in favor of the defendant, and the plaintiff appeals. It is disclosed by the record in this case that, some time prior to the commencement of this action, the plaintiff, Ausland, had sold to the defendant, Parker, a county warrant, which was subsequently by the court held illegal and void. Parker claimed that, in selling him this warrant, Ausland made certain false representations in regard to its validity. For these alleged misrepresentations Parker had caused Ausland to be arrested on the charge of having obtained money from him upon fraudulent representations. Ausland, having been discharged from the criminal prosecution, instituted this action for malicious prosecution in causing him to be thus arrested on a criminal charge.

There is one alleged error in this case for which we are of the opinion that a new trial must be granted. On the trial, one Dr. Cook, on being examined on the part of the plaintiff, was asked if the arrest of the plaintiff on the criminal charge might not have been

the cause of the nervous condition testified to by him, and the answer was it might have been.   On cross examination counsel for the defendant asked the same witness if the nervous condition of the plaintiff might not have been caused by a certain habit or vice on the part of the plaintiff, naming it.   This question was objected to as irrelevant, immaterial and incompetent.   The objection was overruled and the plaintiff excepted.   It is contended on the part of the appellant that this question was clearly irrelevent, immaterial and incompetent, for the reason that there  was no evidence before the jury that the plaintiff was addicted to the habit or vice mentioned in the question, and that the only object and purpose of the question was evidently to prejudice the jury against the plaintiff.   Prior to the question being asked, on cross examination, Dr. Cook had been asked the following question:   "Is it not a fact that other things will produce nervousness besides anxiety over being arrested for a felony.?" to which he answered, "Of course; there are a great many causes for nervous debility."   This question was a proper one and the answer was sufficient for all purposes of the defendant. . It is quite clear, therefore, that the only object and purpose of the question objected to was, as contended by counsel for the appellant, to prejudice the jury against the plaintiff.   We are clearly of the opinion that the objection to this question should have been promptly sustained, counsel reprimanded for asking the question, and the jury cautioned at once against being influenced by it to the prejudice of the plaintiff.   The counsel was also permitted to comment upon that subject before the jury.   This was improper and he should have been promptly stopped by the court.   The asking of such a question, under the circumstances, and commenting upon it before the jury, was entirely indefensible.   Counsel has no right, on the trial of a case, to attack the character or reputation of a party litigant by in-

sinuations, in the form of questions or otherwise, unnecesarily, and in doing so he exceeds his rights as an attorney, and it is the duty of the court to be vigilant and prompt in repressing scandal and in protecting the character and reputation of litigants and witnesses in the court from such needless and gratuitous attacks on the part of the attorney. While we are inclined to the opinion that, ordinarily, juries, under such circumstances, are more likely to be prejudiced against the attorney and his client on account of such an attack rather than the opposing party, still, in this case, as the verdict was against the plaintiff, we cannot say that the jury was not influenced, and that the plaintiff was not prejudiced, by this covert and unwarranted attack made upon him by the counsel, and his reference to the same in his argument before the jury. In the quite similar case of Rickabus v. Gott, 51 Mich. 227, 16 N. W. 384, the supreme court of Michigan held that an attack on the character of the plaintiff in that case was irrelevant, tended to prejudice the jury, and was sufficient ground for reversing the judgment and granting a new trial, and therefore reversed the same. As the other questions presented may not arise on another trial, we shall not discuss or decide them in this opinion. The judgment of the court below is reversed, and a new trial granted.

FULLER, P. J., dissents.