## HAYES v. COLEMAN.

1. TRIAL—INSTRUCTIONS—EXCESSIVE REPETITION.

   Excessive repetition of a point of law in a charge to a jury is unnecessary, argumentative and prejudicial.

2. SAME—CHARGE CONSIDERED IN ITS ENTIRETY.

   The charge of a court to a jury must be considered in its entirety, and error will not lie upon detached sentences which, when construed with the rest of the charge, are not objectionable.

3. SAME—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE—REPETITIOUS INSTRUCTIONS.

   Fact that trial court made 9 separate and individual references to rule that negligence of the plaintiff to bar recovery must be a proximate cause of the accident *held,* not reversible error, under the circumstances, where it appears the trial court accepted 3 sets of requests to charge and instructions given, covering some 20 pages of printed record, although more extended than necessary, did not indicate the court's opinion on factual issues.

4. SAME—IDENTIFICATION OF INSTRUCTIONS.

   Identification of source of instructions given jury in pedestrian's action against southbound motorist and driver and owner of eastbound taxicab *held,* not to have detracted from weight to be accorded instructions, where it appears trial court tried to give equal consideration to each of 3 sets of requests to charge in addition to charge prepared by himself and neither counsel objected to instructions given or proffered others.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3]  53 Am Jur, Trial §§ 552, 559.
[2]  53 Am Jur, Trial § 564.
[6, 7]  Generally, see 11 Am Jur, Compromise and Settlement § 25; 20 Am Jur, Evidence § 565.
[8]  58 Am Jur, Witnesses §§ 611, 621, 624, 664.
[9]  58 Am Jur, Witnesses §§ 610, 715 *et seq.*
[10]  58 Am Jur, Witnesses § 623.
[11]  58 Am Jur, Witnesses § 725 *et seq.*
[12, 13]  53 Am Jur, Trial §§ 480, 485.

5. SAME—INSTRUCTIONS—REQUESTS TO CHARGE.

It is presumed that jurors are of at least ordinary intelligence and understood, from opening statement of instructions, that requests read to them were submitted as statements of rules of law governing the case.

6. WITNESSES—CROSS-EXAMINATION—CREDIBILITY—DISCREPANCY IN POSITION.

Court's admission on cross-examination of defendants' witness of testimony relative to compromise she had made with such defendants as to her claim for injuries arising out of same accident *held,* not error, where the credibility of such witness was thereby affected by reason of discrepancy between her position at trial and that presented by her declaration in her action against the defendants relative to speed of defendants' taxicab and as to traffic light.

7. COMPROMISE AND SETTLEMENT—ADMISSION OF LIABILITY—EVIDENCE.

A compromise with one person is in no sense an admission of liability to someone else.

8. WITNESSES—CROSS-EXAMINATION.

The right of cross-examination is an absolute right accorded to any litigant who finds himself confronted by an adverse witness, and it may not be denied nor unduly restrained nor interfered with by the court.

9. SAME—CROSS-EXAMINATION—ADVERSE WITNESSES—PREJUDICE.

It is always permissible upon the cross-examination of an adverse witness to draw from him any fact or circumstance that may tend to show his relations with, feelings toward, bias or prejudice for or against, either party, or that may disclose a motive to injure the one party or to befriend or favor the other.

10. SAME—CROSS-EXAMINATION—COMPETENCY OF TESTIMONY.

The party producing a witness may not shield him from proper cross-examination for the reason that facts thus elicited may not be competent upon the merits of the cause.

11. SAME—SCANDAL—ATTACKS ON CHARACTER.

A trial judge has a duty to repress needless scandal and gratuitous attacks on character of a witness.

12. TRIAL—ARGUMENT TO JURY—INFERENCES.

Counsel are limited, in arguing to a jury, in subject matter to those matters before the court as disclosed by the testimony

and reasonable inferences therefrom and may not express opinions or conclusions upon matters not found in the record.

13. SAME—ARGUMENT TO JURY—COMPROMISE—INFERENCES.

Remarks of plaintiff's counsel in argument to jury to effect that one of defendants' witnesses had changed her position because of settlement she had effected with defendants for her injuries which had been sustained in same accident *held,* not reversible error, where such inference was not wholly unreasonable.

Appeal from Wayne; Maher (Thomas F.), J. Submitted October 15, 1953. (Docket No. 55, Calendar No. 45,821.) Decided December 29, 1953. Rehearing denied February 18, 1954.

Case by Paul Hayes against Louis Anthony Coleman, Fay Russell and William Albrecht for injuries received when he was struck after collision between defendants' automobiles. Verdict and judgment for plaintiff. Defendants Russell and Albrecht appeal. Affirmed.

*Maile & Leach (Saul M. Leach* and *Marvin W. Reider,* of counsel), for plaintiff.

*Edward N. Barnard,* for appellants.

ADAMS, J. In this appeal we are asked to review several claimed errors in a jury trial in the Wayne county circuit court.

Plaintiff and appellee, Paul Hayes, brought the action to recover damages from defendant Louis Anthony Coleman and defendants and appellants Fay Russell and William Albrecht for injuries arising out of an accident that occurred about 11:45 p.m. on July 4, 1949, at the intersection of Holbrook avenue and Oakland avenue in the city of Detroit. Holbrook runs in an east-west direction and Oakland is a north-and-south street.

Defendant Coleman was driving south on Oakland and defendant Russell, operating a taxicab owned by defendant Albrecht, was proceeding in an easterly direction on Holbrook avenue. The 2 cars collided near the center of the intersection and the impact of the collision pushed Coleman's car in a south-easterly direction over the curb and against a utility pole. As the cars collided, plaintiff, a pedestrian, was standing in Oakland avenue not more than 5 feet from the easterly curb. He sought to regain the safety of the sidewalk, ran into the utility pole and his leg was pinned against the pole by the Coleman automobile. The leg was crushed and eventually it became necessary to amputate.

On September 30, 1949, plaintiff started this action at law seeking money damages for pain, suffering, medical and hospital expenses and loss of earnings. Upon trial before a jury and at the close of plaintiff's proofs, the defendants moved for a directed verdict on the theory that plaintiff was guilty of contributory negligence. Decision was reserved[*] and at the conclusion of the trial the motion was renewed and denied, the court ruling that it was for the jury to determine whether plaintiff's negligence was a proximate cause of the accident. The jury rendered a verdict against the 3 defendants. Later, a motion for a new trial was denied and an appeal taken to this Court in behalf of defendants Russell and Albrecht.

On appeal, defendants urge the following errors in the trial of the case: first, that the court's instructions to the jury were prejudicial to the defendants in that there was undue emphasis and repetition of the rule that in order for plaintiff's negligence to bar his recovery, it must be a proximate cause of the accident; second, that the court minimized the effect

---

[*] See CL 1948, § 691.691 et seq. (Stat Ann and Stat Ann 1951 Cum Supp § 27.1461 et seq.).—Reporter.

of portions of his charge to the jury by identifying
certain instructions as having been requested by
counsel for the litigants; third, that 1 of defendants'
witnesses was permitted to testify on cross-examina-
tion in reference to the details of the settlement of
her separate cause of action arising out of the same
accident; and, fourth, that counsel for plaintiff made
irresponsible and prejudicial comments concerning
1 of defendants' witnesses in his argument to the
jury.

Giving attention to the claimed errors in the or-
der named, appellants say, and the record confirms
their statement, that the trial court while instruct-
ing the jury at the close of the trial made 9 separate
and individual references to the well-recognized rule
that negligence of the plaintiff which would bar
recovery must be a proximate cause of the accident
that caused plaintiff's injury. Appellants do not con-
tend that the court misstated the law but they say
that the several repetitions of the same point were
prejudicial to defendants' rights in that by such em-
phasis the court indicated to the jury his own belief
that the plaintiff's admitted negligence (that of
standing in the traveled portion of the street while
vehicular traffic was passing through a green traf-
fic light) was not a proximate cause of the accident
that caused his injury.

This Court has held that unnecessary repetition
of a point of law in a charge to a jury is argumen-
tative and prejudicial (*Buchel* v. *Williams,* 273 Mich
132) and that excessive repetition is "wholly unneces-
sary." *Bowmaster* v. *William H. DePree Company,*
252 Mich 505.

We have also said:

"The charge of a court to a jury must be considered
in its entirety, and error will not lie upon detached
sentences which, when construed with the rest of

the charge, are not objectionable." *Bathke* v. *City of Traverse City* (syllabus), 308 Mich 1.

Here we have a trial involving 3 defendants and requiring 7 days for the presentation of proofs. Three separate sets of requests to charge were presented to the court by counsel for plaintiff and defendants. Many of the requests were accepted and the instructions cover 20 printed pages of the record. Because of the many requests and the extent of the charge as given, it would have been literally impossible not to repeat some of the law applicable to the cause of action. It may be that the trial judge, in an effort to treat all of the parties equally, submitted a more extended charge than was necessary under the circumstances, but viewing the charge as a whole, we find nothing that would in any way indicate the court's opinion on factual issues. While more than 1 reference was made to several rules of law, including that of proximate cause, a reading of the whole text does not give the impression of undue emphasis on any particular point. We are of the opinion that the situation is comparable to that in *Cook* v. *Vineyard,* 291 Mich 375, 382, where we said:

"The brief of plaintiff lists 7 references by the trial court to the fact that plaintiff must prove his case by a preponderance of the evidence, and, it is urged, such undue repetition is reversible error, relying on *Bowmaster* v. *William H. DePree Company,* 252 Mich 505, and *Buchel* v. *Williams,* 273 Mich 132. Four of the statements complained of were given as the court defined and explained the term. The 3 remaining repetitions of the rule were inserted incidentally as the court sought to explain other features of the case. The charge to the jury is a long one, occupying 21 pages of the printed record. As was said in *Hanna* v. *McClave,* 273 Mich 571, where the instructions were 20 pages in length, 'It is difficult so to extend instructions without needless repetition

and danger of faulty reiteration. Flaws, however, unless of serious moment, may be passed as innocuous effusions.' "

It is the further contention of the appellants that the trial court erred in identifying to the jury the source of those requests to charge submitted by the several parties. The court began its charge to the jury in the following manner:

"Members of the jury: In this case my instructions to you are not going to be of any great length. I have additional requests to charge, which I think together with the instructions that the court will give you, will cover the matter fully and extensively."

The judge then submitted instructions prepared by himself followed by several charges that he identified as the requests to charge of counsel for both plaintiff and defendants. Appellants argue that by so doing the court in effect, said that the requested charges were not the charges of the court but merely those of counsel and thus minimized their significance to the jury, quoting *LaBarre* v. *Grand Trunk Western Railway Company,* 133 Mich 192, 201:

"This was apparently a request to charge of the plaintiff's counsel, and, while requests to charge are frequently efficient aids to the trial judge, they are apt to be, as in this case, misleading, when they are given to the jury as such. It is preferable and safer to give a connected and logical charge, in which so much of the various requests as can be properly and profitably used is included without reference to the fact that they are requests of either party."

More than the usual number of requests to charge were submitted to the trial judge. Two separate sets were offered by defendants and 1 set by plaintiff. Some were similar in text. It is apparent that the court tried to give equal consideration to each set and in so doing some repetition was inevitable.

Undoubtedly the court sought, in part, to explain that repetition by stating the source of the charges. More concise instructions with less duplication would have been preferable, but we cannot glean from a reading of the whole charge that the court attached less significance to one portion than to another, nor do we believe that the members of the jury could have gathered that impression as they listened. Those portions of the charge given at the request of the litigants were, in most instances, prefaced by the words "I charge you" or "I instruct you." When he had completed his charge, the court inquired of counsel if they had further requests that should be given. None were urged or objection made to those submitted. While the jury was told that the court had adopted portions of his instructions from counsel's requests, they could not, with reason, have concluded that less significance should attach to those portions because they had been suggested to the court by the attorneys. Identification of source did not detract from their weight.

The situation is similar to and controlled by a previous holding of this Court where we said:

"If defendant's counsel thought that the jury were likely to be misled by the difference in verbiage in the submission of the requests of the respective parties, they should have called the court's attention to the matter before the jury retired. Moreover, we must presume that the jury was composed of men of at least ordinary intelligence, and must therefore have understood from the opening statement of the circuit judge that all of the requests read to them were submitted to them as statements of the rules of law governing the case." *Davis* v. *Michigan Central Railroad Company,* 147 Mich 479, 482.

The third error claimed by the appellants has to do with the admission of testimony from a witness for the defendants relating to the settlement of her

separate cause of action against the same defend-
ants and arising out of the same accident. At the
time of the accident, Mary Pope was a passenger
in the taxicab operated by defendant Russell and
owned by defendant Albrecht. As a result of the
accident she was bruised and her collarbone broken.
On the day that the plaintiff instituted this suit, she
brought a similar action against the same defend-
ants through other counsel. In her declaration it
was alleged that immediately prior to the collision
the taxicab was traveling at a speed of approximate-
ly 35 miles per hour and was driven into a red light
at the intersection of Holbrook and Oakland. Later,
when she appeared as a witness for the defendants,
she testified that at the time of the accident the taxi-
cab was traveling at an estimated speed of 25 miles
per hour and that as the cab approached Oakland
from the west, the traffic light at the intersection was
green for Holbrook traffic.

Upon cross-examination, counsel for the plaintiff
questioned her concerning the discrepancies between
the allegations in her declaration and her testimony
at the trial, and with the court's permission but over
defendant's objection, inquired into the details of the
settlement of her cause of action. She then admit-
ted that 4 days before the trial of this cause she went
to the office of the attorney representing defendants
Russell and Albrecht, signed a statement, the na-
ture of which was not disclosed, and settled her
claim against the defendants for the sum of $1,500.
The court permitted the testimony to be taken on
the theory that such questioning was proper on cross-
examination as bearing upon the credibility of the
witness.

Appellants insist that the testimony of the settle-
ment was irrelevant and prejudicial and that the
court erred in admitting it. A compromise with 1
person is in no sense an admission of liability to

someone else (*Fulton Iron & Engine Works* v. *Township of Kimball,* 52 Mich 146), and the jury was so instructed. It is conceded that it would have been improper for the plaintiff to have presented such proofs, but the testimony we are here concerned with was elicited on cross-examination.

Before commencing her suit against the defendants, Miss Pope discussed the details of the accident with her counsel. If the suit later commenced was brought in good faith, it was predicated on the conviction that defendants had committed acts of negligence resulting in injury to her. She so alleged in the declaration drafted by her attorney. In the trial of this cause she testified that the driver of the taxicab was free of negligence. Inconsistencies between the position she took when her suit was commenced and her testimony in this trial were matters to be considered by the jury in determining her credibility as a witness. Testimony on cross-examination disclosing the settlement of her claim and the payment of money to her by defendants shortly before the trial was properly admitted as bearing upon a possible motive for changing her version of the accident.

"The right of cross-examination is a right the law freely accords to any litigant who finds himself confronted by an adverse witness, and it may not be unduly restrained or interfered with by the court. The right of a litigant to cross-examine an adverse witness within proper bounds is an absolute right, and it is not within the discretion of the court to say whether or not the right will be accorded. The right of cross-examination is regarded of such consequence that it is made one of the chief grounds for the exclusion of hearsay evidence. If the right to cross-examine an adverse witness be denied or unduly limited or restrained, the testimony given by the wit-

ness would, in a very marked degree, partake of the character of hearsay testimony. It is always permissible upon the cross-examination of an adverse witness to draw from him any fact or circumstance that may tend to show his relations with, feelings toward, bias or prejudice for or against, either party, or that may disclose a motive to injure the one party or to befriend or favor the other. The party producing a witness may not shield him from such proper cross-examination for the reason that the facts thus elicited may not be competent upon the merits of the cause." *Gurley* v. *St. Louis Transit Co.* (Mo App), 259 SW 895, 898.

Finally, appellants say that the court erred in permitting plaintiff's counsel to make unjustified and intemperate accusations against defendants' witness, Miss Pope. In his argument to the jury, counsel for the plaintiff, in referring to the witness, said:

"Mary Ellen Pope, her testimony is she received $1,500 for testifying that the Checker Cab went through a green light—"

Defendants' counsel immediately objected to the statement as being prejudicial and the court then said:

"Probably that is improper. However, it is a matter for the jury. They heard the testimony."

Appellants contend that the statement had no foundation in fact, was irresponsible and inflammatory and was highly prejudicial to defendants because Miss Pope was 1 of their important witnesses.

"In *Rickabus* v. *Gott,* 51 Mich 227, this Court held that 'the duty of the trial judge to repress needless scandal and gratuitous attacks on character is a very plain one, and good care should be taken to discharge it fully and faithfully.' See, also, as bearing upon this question, *Bond* v. *Pontiac, O. & P. A. Railroad*

*Co.*, 62 Mich 643 (4 Am St Rep 885); *Cronkhite* v. *Dickerson*, 51 Mich 177; *Wheeler* v. *Wallace*, 53 Mich 355, 364; *People* v. *Hare*, 57 Mich 505." *Sullivan* v. *Deiter*, 86 Mich 404, 411.

In arguing to a jury, counsel is limited in subject matter to those matters before the court as disclosed by the testimony of witnesses. He is entitled to draw reasonable inferences from that testimony, but he cannot express his opinions or conclusions upon matters not found in the record. In this record we have the testimony of a witness in contradiction of allegations found in her declaration filed in the same court and concerning the same accident. Just prior to the trial she received $1,500 from the defendants in settlement of her claim. From these circumstances it would not be wholly unreasonable to infer that her change in position had been motivated by the settlement. Counsel's statement is extreme but it cannot be said that there is no foundation for it in the record. There was no error which would justify a reversal of judgment.

"Various exceptions were taken to the remarks of Mr. Boudeman, one of the attorneys for the plaintiffs, in summing up the case to the jury. While some of his deductions from the testimony, and claims made by him, might not coincide with our ideas, we find no such error in any of his remarks as would warrant a reversal of the judgment. An attorney is entitled to some license in his argument, and the testimony to him may bear quite different inferences and conclusions than might be deduced by a disinterested and unbiased judge. But if we were to reverse cases because the attorneys of the parties claimed more from the testimony for their clients than we could discern in the evidence, or argued that facts were established when we thought they were not, we should not only invade the province of the jury, but vacate most, if

not all, of the judgments that come for review before us." *Dikeman* v. *Arnold,* 83 Mich 218, 221.

The judgment is affirmed, costs to appellee.

DETHMERS, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.