JONES v PORRETTA

Docket No. 70998. Submitted April 16, 1984, at Detroit.—Decided
    September 11, 1984.

Alfred D. Jones and his wife, Martha Ann Jones, brought a
    medical malpractice action against Charles Porretta, M.D., in
    Oakland Circuit Court. The trial court, David F. Breck, J.,
    deviated from the Standard Jury Instructions by adding the
    statement that "no physician can be required to guarantee
    results". The issue of guaranteed results was never injected
    into the trial by evidence or arguments. The jury returned a
    verdict of no cause of action. Plaintiffs' motion for a new trial
    was denied. Plaintiffs appeal. *Held:*

    1. The trial court's deviation from the Standard Jury Instruc-
    tions, while based upon an earlier case decided by the Court of
    Appeals, was error. The case the trial court relied upon in
    deviating from the Standard Jury Instructions was wrongly
    decided. Prejudicial error is to be presumed where, as here,
    there is a deviation from an accurate jury instruction and the
    deviation was brought to the attention of the trial court prior
    to the commencement of jury deliberations. The deviation
    injected a new issue into the case without explanation, without
    argument, and without any evidence appearing in the record to
    justify it.

    2. The decision in this case creates a conflict with a decision
    by another panel of the Court which held to the contrary under
    similar circumstances. Accordingly, this case will be certified to
    the Supreme Court for resolution of the conflict.

    Reversed and remanded for a new trial with instructions that
    the case be held in abeyance until the Supreme Court resolves
    the conflict created by this decision.

    BEASLEY, J., dissented. He would affirm on the basis that
    there was no error in the trial court's deviating from the
    Standard Jury Instructions and that, if error did occur, it was
    harmless.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 75 Am Jur 2d, Trial § 610.
    Construction of statutes or rules making mandatory the use of
    pattern or uniform approved jury instructions. 49 ALR3d 128.

1. TRIAL — JURY INSTRUCTIONS — DEVIATIONS FROM STANDARD JURY INSTRUCTIONS — PREJUDICIAL ERROR.

Prejudicial error is to be presumed where an accurate, applicable Standard Jury Instruction is requested, there is a deviation from that jury instruction, the deviation is brought to the attention of the trial court prior to commencement of jury deliberations, and the trial court fails to conform the instruction given to the Standard Jury Instruction.

DISSENT BY BEASLEY, J.

2. TRIAL — JURY INSTRUCTIONS — DEVIATIONS FROM STANDARD JURY INSTRUCTIONS.

It was not error for a trial court to deviate from the Standard Jury Instructions where such deviation was approved in an earlier decision by the Court of Appeals and leave to appeal was denied in that case by the Supreme Court.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiffs.

*Schureman, Frakes, Glass & Wulfmeier* (by *Cheryl L. Chandler*), for defendant.

Before: SHEPHERD, P.J., and BEASLEY and W. J. CAPRATHE,* JJ.

PER CURIAM. In this medical malpractice action, plaintiffs appeal an order denying a motion for new trial. The sole issue on appeal is whether the trial court erred in giving the jury an instruction which deviated from the Standard Jury Instructions by adding the statement that "no physician can be required to guarantee results". Plaintiffs' attorney made a timely objection to the instruction on the record and also raised the issue in their motion for new trial. The record discloses that the issue of guaranteed results was never

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

injected into the trial by evidence or arguments. We hold that such an instruction constituted reversible error and we remand for a new trial. In so doing, we create a conflict with another panel of this Court which held to the contrary. *Warfield v Wyandotte,* 117 Mich App 83; 323 NW2d 603 (1982), *lv den* 417 Mich 919 (1983). Accordingly, an order will be entered simultaneously with this opinion certifying this case to the Michigan Supreme Court for resolution of the conflict.

The trial court correctly gave SJI 30.01, and then added the following language:

> "No physician can be required to guarantee results, but the law demands that they bring and apply to the case at hand that degree of skill and care, knowledge and attention ordinarily possessed and exercised by other orthopedic surgeons in the same specialty under like circumstances."

This addition to the Standard Jury Instructions was taken directly from *Warfield, supra,* and the trial judge cannot be faulted for so doing. *Warfield* had been decided at the time the instruction was given and the trial judge did not commit error in following that case.

However, we believe that *Warfield* was wrongly decided since it conflicts with *Javis v Ypsilanti Bd of Ed,* 393 Mich 689; 227 NW2d 543 (1975). *Javis* holds that where there is a deviation from an accurate jury instruction prejudicial error will be presumed provided that the deviation was brought to the attention of the trial court prior to commencement of jury deliberations. We would agree with the rationale of *Warfield* where no objection is made to the instruction. The addition to the Standard Jury Instructions appears relatively harmless on its face and is arguably nothing more

than an attempt by the court to clarify the law by contrasting to the jury the difference between what the law is and what it is not. On the surface no harm seems to have been done.

However, a new issue is injected into the case without explanation, without argument, and without any evidence appearing in the record to justify it. We do not know whether any jurors would have been influenced by this remark and, since we do not know, we must be guided by the presumption of reversible error stated in *Javis, supra.* Since it is not possible for anyone to know which factors will most influence a jury, we have little choice but to follow the guidelines of the Standard Jury Instructions when they are requested by a party and we must strictly conform to their language and form when a party objects to a deviation, especially when the deviation has already been held to be erroneous when it stands alone, as was the instant deviation in *Cleveland v Rizzo,* 99 Mich App 682; 298 NW2d 617 (1980), *lv den* 411 Mich 884 (1981).

Reversed and remanded for a new trial with instructions to the trial judge to hold this case in abeyance pending resolution by the Michigan Supreme Court of the conflict between this case and *Warfield, supra.*

Costs to abide the final outcome.

BEASLEY, J. *(dissenting).* I respectfully dissent.

At the time of trial, the trial judge was entitled, if not obligated, under *Warfield v Wyandotte,* 117 Mich App 83; 323 NW2d 603 (1982), *lv den* 417 Mich 919 (1983), to give the instruction complained of. At the very least, it was not then error to give it.

While my personal predilection is that the instruction complained of is argumentative and

should not be given except possibly where special circumstances inject such an issue into the case, that is not relevant here. This case was cleanly tried, and the jury found no cause of action. As indicated, there was no error unless we depart from *Warfield* retroactively. But, even if we assume it was error, I would believe it to be an insignificant and harmless error which did not affect the result.

I would vote to affirm.