GIBSON v HENKIN

Docket Nos. 72355, 72356. Submitted July 30, 1984, at Detroit.—
Decided March 18, 1985. Leave to appeal applied for.

Richard Gibson, individually and as guardian of Geraldine Gibson, and Debbie, Michael and Chris Gibson, by their next friend Richard Gibson, brought medical malpractice actions against Raymond Henkin, M.D., William Beaumont Hospital, H. A. Klewicky, M.D., and David M. Reifler, M.D., in Wayne Circuit Court, alleging that the negligent diagnosis and treatment of Geraldine Gibson by defendants had left Geraldine Gibson in a comatose state. The actions were consolidated by the circuit court. At trial, defendants made a motion *in limine* to limit the scope of plaintiffs' cross-examination of their only expert witness by excluding questions regarding that witness's involvement with the Physicians' Crisis Committee, a committee involved with the medical malpractice problem, and with the Physicians' Insurance Company of Michigan, the malpractice insurer of both the expert witness and defendant Henkin. The witness indicated in the hearing on the motion that he had donated money to the crisis committee, attended a few meetings of the committee and reviewed a few cases for the committee. With respect to Physicians' Insurance Company of Michigan, the witness testified that, except for attending a meeting regarding the possibility of insured doctors volunteering to review medical malpractice cases, his only involvement with the company was the regular payment of his malpractice insurance premiums. The trial court, James E. Mies, J., granted the motion, finding that cross-examination relative to the witness's involvement with these organizations would be more prejudicial than probative of credibility for impeachment purposes and that any reference to insurance was prohibited. During the charge to the jury, the trial court, over plaintiffs' objection, gave the defendants' requested instruction that a doctor is not the guarantor of results. The jury returned a

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Witnesses § 472.
[2] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 363.
[3] 75 Am Jur 2d, Trial §§ 588, 589.

verdict of no cause of action. Plaintiffs moved for a new trial on the basis of the trial court's limiting of their cross-examination of defendants' expert witness and on the basis of the trial court's giving the guarantor instruction in addition to the standard jury instruction regarding professional negligence or malpractice. The motion for new trial was denied. Plaintiffs appealed. *Held:*

1. The trial court properly excluded cross-examination relative to the witness's involvement with the insurance company, since such references are prohibited by statute. It, however, was error for the trial court to prohibit cross-examination with respect to the witness's involvement with the crisis committee, since such testimony would be probative of the witness's interest and bias against medical malpractice actions in general and would not have been more prejudicial than probative. That error, however, does not mandate reversal, since plaintiffs were otherwise permitted to freely impeach the witness's credibility.

2. Since the guarantor instruction was an accurate statement of applicable law and was given in addition to, rather than in place of, the applicable standard jury instruction, reversible error did not result from the giving of the guarantor instruction. However, trial courts are urged to refrain from giving the guarantor instruction, since that instruction tends to be confusing because it injects a contract issue in a negligence action.

Affirmed.

S. EVERETT, J., concurred. He would hold that where the guarantor instruction is supported by the evidence and has been requested, it should be given. He would not urge trial courts to refrain from giving the guarantor instruction.

### OPINION OF THE COURT

1. WITNESSES — CROSS-EXAMINATION — DISCRETION.

The scope and duration of cross-examination of witnesses rests in the sound discretion of the trial court; the exercise of that discretion will not be reversed absent a clear showing of abuse.

2. PHYSICIANS AND SURGEONS — JURY INSTRUCTIONS.

It is not error mandating reversal for a trial court in a medical malpractice action to give in addition to the standard jury instruction regarding professional negligence or malpractice an instruction that a physician is not the guarantor of results, since a trial judge may give in addition to the standard jury instruction any additional instruction which is a proper statement of applicable Michigan law; however, trial courts should refrain from using the guarantor instruction, since the stan-

dard jury instruction is sufficient and the guarantor instruction may lead to confusion by injecting a contract issue into a negligence action (SJI2d 30:01).

Concurrence by S. Everett, J.

3. Trial — Jury Instructions.

*The refusal to give a requested jury instruction which states the applicable law, and is supported by the evidence, is error.*

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiffs.

*Dice, Sweeney, Sullivan, Feikens, Hurbis & Foster, P.C.* (by *Dennis J. Mendis*), for defendant Henkin.

*Sullivan, Ward & Bone, P.C.* (by *Michelle A. Thomas* and *Robert E. Sullivan*), for defendants William Beaumont Hospital, Klewicky and Reifler.

Before: Hood, P.J., and R. B. Burns and S. Everett,* JJ.

Per Curiam. Plaintiffs appeal as of right from a June 14, 1983, judgment that orders that plaintiffs take nothing in this medical malpractice case because a jury found no cause of action against the defendants and that plaintiffs pay defendants their costs and charges. The trial court denied plaintiffs' motion for new trial on June 14, 1983. We affirm.

Plaintiffs raise two issues on appeal, both properly preserved and addressed in their motion for new trial.

First, plaintiffs argue that the trial court erred by granting defendants' motion *in limine.* Defendants moved to limit the scope of plaintiffs' cross-examination of their only expert witness, Dr.

* Circuit judge, sitting on the Court of Appeals by assignment.

Scratch, by excluding questions regarding Dr. Scratch's involvement with the Physicians' Crisis Committee and with the Physicians' Insurance Company of Michigan, the malpractice insurer of both Dr. Scratch and defendant Henkin. At the hearing on the motion *in limine,* Dr. Scratch said that the purpose of the Physicians' Crisis Committee was "to try to make some sort of sense out of the legal harassment of the medical professional as regards care of patients". Dr. Scratch said he donated money to that committee, attended "a meeting or two", and reviewed a few cases on its behalf. Dr. Scratch also said that he attended a meeting sponsored by PICOM regarding the possibility of insured doctors volunteering to review medical malpractice cases. Otherwise, Dr. Scratch's only involvement with PICOM was regular payment of his malpractice insurance premiums.

The trial court granted the motion, finding the above potential testimony for purposes of cross-examination for impeachment of credibility more prejudicial than probative, MRE 403, and that any reference to insurance was prohibited.

The scope and duration of cross-examination of witnesses rests in the trial court's sound discretion and exercise of that discretion will not be reversed by this Court absent a clear showing of abuse. *Wilson v Stilwell,* 411 Mich 587, 599; 309 NW2d 898 (1981); MRE 611(b). However, it is generally permissible to cross-examine an adverse witness to elicit from him or her any fact or circumstance that tends to show that witness's relationship with, feelings toward, bias, prejudice, or interest for or against either party. *Hayes v Coleman,* 338 Mich 371, 381; 61 NW2d 634 (1954); *Wilson v Stilwell, supra,* p 599.

In this case, we find that the trial court did

improperly limit the plaintiffs' cross-examination of Dr. Scratch in regard to the Physicians' Crisis Committee. That testimony would have been probative of Dr. Scratch's interest and bias against medical malpractice actions in general. We do not agree that it would have been more prejudicial than probative. MRE 403. We do agree that the trial court properly excluded cross-examination of Dr. Scratch regarding PICOM. In an action such as this, a party is prohibited by statute from referring to the insurer. MCL 500.3030; MSA 24.13030. See, also, MRE 411. Although technically plaintiffs were not referring to PICOM as defendant Henkin's insurer, reference to that medical malpractice insurer would have been prejudicial to defendants, and such prejudice would not be outweighed by the limited probativeness of the relationship between Dr. Scratch and PICOM.

Although we find that the trial court erred in part by granting defendants' motion *in limine,* we do not find that the error mandates reversal. We recognize that each party presented only one expert witness and, therefore, this case presented a battle of the experts' credibility. *Wilson v Stilwell, supra,* p 599. Nevertheless, the trial court otherwise gave plaintiffs the opportunity to freely impeach Dr. Scratch's credibility, an opportunity plaintiffs did take.

Plaintiffs next argue that the trial court erred by instructing the jury that no physician is required to guarantee results. The trial court read SJI2d 30:01 to the jury regarding professional negligence or malpractice. In addition, the trial court also instructed as follows pursuant to defendants' request:

"The difficulties and uncertainties in the practice of medicine are such that no one can be required to

guarantee results and all the law demands is that the individuals involved bring and apply to the case at hand that degree of skill, care, knowledge and attention ordinarily possessed and exercised by practitioners of the medical profession under like circumstances.

"The mere fact that an adverse result may occur following medical treatment is not, in itself, any evidence of negligence."

Plaintiffs correctly argue that they neither pleaded a contract or guaranty theory nor argued such a theory at trial. Plaintiffs further argue that by giving such an instruction the jury was misled to plaintiffs' prejudice. Plaintiffs also assert that by implication GCR 1963, 516.6(4) mandates that if a standard jury instruction adequately covers the law in the case the trial court shall not give additional instructions. We first recognize that there is now a conflict in this Court regarding this issue. In *Warfield v Wyandotte,* 117 Mich App 83, 93-94; 323 NW2d 603 (1982), *lv den* 417 Mich 919 (1983), a panel of this Court found the guarantor instruction a correct statement of the law and not improper if not standing alone. See *Cleveland v Rizzo,* 99 Mich App 682; 298 NW2d 617 (1980). In *Jones v Porretta,* 138 Mich App 241; 360 NW2d 181 (1984), another panel of this Court decided that *Warfield* was wrongly decided. In *Jones,* as in this case, the trial court gave the correct standard jury instruction but added the guarantor language. *Jones* relied on *Javis v Ypsilanti Bd of Ed,* 393 Mich 689, 702-703; 227 NW2d 543 (1975), in which the Supreme Court held that where a trial court deviates from an accurate standard jury instruction, and that deviation is properly brought to the trial court's attention prior to deliberation, prejudicial error will be presumed.

We believe that the *Jones* panel misapplied *Javis.* This is not a case in which the trial court

deviated from the standard and proper jury instruction. Rather, the trial judge gave the correct SJI but also added an instruction that is an accurate statement of Michigan common law. *Roberts v Young*, 369 Mich 133; 119 NW2d 627 (1963), cited in the note and comment to SJI2d 30:01. We do not find this situation similar to the one the *Javis* Court intended to cover with the automatic presumption of prejudice rule.

We also disagree with plaintiffs' argument that GCR 1963, 516.6(2) compels a trial court to give only an applicable standard jury instruction to a jury. That rule states:

"Pertinent portions of Michigan Standard Jury Instructions (SJI) published under authority of this subrule shall be given in each civil case in which jury instructions are given if (a) they are applicable and (b) they accurately state the applicable law."

More pertinent is GCR 1963, 516.6(4) which states:

"This subrule does not limit the power of the court to give additional instructions on applicable law not covered by SJI. Additional instructions when given shall be modeled as nearly as practicable after the style of SJI, making them concise, understandable, conversational, unslanted and non-argumentative."

We hesitate, without an explicit rule, to limit a trial court's discretion regarding the reading of additional instructions to only those situations where there is a standard jury instruction which does not apply. Nevertheless, we do believe that it would be the better practice for trial courts to limit their instructions on the law of the case to only the applicable standard jury instructions. Superfluous instruction too often lends itself to error.

While we do not find instructional error in this case, we do note that we agree with plaintiffs' argument that the guarantor or warrantor instruction tends to be confusing because it injects a contract issue into a negligence action. For that reason, we also urge trial courts to refrain from adding that instruction to SJI2d 30:01. We find the SJI sufficient to instruct the jury on the applicable law.

Affirmed.

S. EVERETT, J. *(concurring).* While I concur in the result reached, I feel compelled to write separately. This decision recognizes the fact that the trial court's instructing the jury that no physician is required to guarantee results properly states the law, under the circumstances of this case. At the same time, trial courts are urged to limit their instructions to only the applicable standard jury instruction.

The refusal to give a requested instruction which states the applicable law, and is supported by the evidence, is error. *Richman v City of Berkley,* 84 Mich App 258; 269 NW2d 555 (1978); *Bailey v Graves,* 411 Mich 510; 309 NW2d 166 (1981). If a trial court accepts the admonition of the majority opinion, such acceptance constitutes error, and probably error mandating reversal. If a trial court follows the above-noted rule, then it is ignoring the urging of this Court. I do not believe that the trial bench should be placed in this position.