## DZIURLIKOWSKI v MORLEY

Docket No. 76573. Submitted February 6, 1985, at Detroit.—Decided June 19, 1985. Leave to appeal applied for.

Ronald E. and Mary Ann Dziurlikowski brought an action in the Oakland Circuit Court alleging medical malpractice against Dr. Thomas Morley and others. The court, David F. Breck, J., granted judgment on a jury verdict of no cause of action and plaintiffs appealed. *Held:*

1. The giving of an instruction to the jury that "the difficulties and uncertainties in the practice of medicine and surgery are such that no one can be required to guarantee results" was error and requires reversal.

2. The trial court erred in not allowing plaintiffs to use an article which appeared in an admittedly authoritative journal for impeachment of a defense expert witness. However, since the trial court expressed a willingness to reconsider the ruling if presented with authority and since plaintiffs did not pursue reconsideration, the error does not require reversal.

3. Instructions of a trial judge to a jury must be reviewed as a whole and not by selective excerpts. The giving of a special instruction which is incomplete does not require reversal where the court adequately and accurately instructed the jury on the law and the party complaining was not prejudiced by the challenged instruction.

Reversed.

1. PHYSICIANS AND SURGEONS — MEDICAL MALPRACTICE — JURY IN-
   STRUCTIONS.
   
   The giving of an instruction to the jury in a medical malpractice

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] Am Jur 2d, Physicians, Surgeons, and Other Healers § 363 *et seq.*

[2] Am Jur 2d, Trial § 573 *et seq.*

Construction of statutes or rules making mandatory the use of pattern or uniform approved jury instructions. 49 ALR3d 128.

[3] Am Jur 2d, Evidence § 884.

Treatises, periodicals, or pamphlets as exception to hearsay rule under Rule 803(18) of the Federal Rules of Evidence. 64 ALR Fed 971.

case that "the difficulties and uncertainties in the practice of medicine and surgery are such that no one can be required to guarantee results" is error and requires reversal where the jury finds for the defendant.

2. TRIAL — JURY INSTRUCTIONS — STANDARD JURY INSTRUCTIONS — PRESUMPTIONS.

Where there is an omission of, or a deviation from, an applicable and accurate Standard Jury Instruction, prejudicial error will be presumed provided that an erroneously omitted SJI was properly requested at trial, and provided in those cases where error is charged as a result of a deviation from a SJI, the deviation was brought to the attention of the trial court prior to the commencement of jury deliberations.

3. EVIDENCE — PUBLISHED PERIODICALS — RULES OF EVIDENCE.

The Rules of Evidence allow the introduction of statements contained in published periodicals established as reliable authority for impeachment purposes (MRE 707).

4. TRIAL — JURY INSTRUCTIONS — APPEAL.

Instructions of a trial judge to a jury must be reviewed as a whole and not by selective excerpts.

*Mellon & McCarthy* (by *Daniel J. McCarthy*), for plaintiffs.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for defendants Thomas Morley and South Oakland Anesthesia Ass'n., P.C.

*Sullivan, Ward & Bone, P.C.* (by *Michelle A. Thomas*), for defendants Elizabeth Kucherenko and William Beaumont Hospital.

Before: BRONSON, P.J., and M. J. KELLY and S. J. LATREILLE,* JJ.

PER CURIAM. Plaintiffs appeal as of right from a jury verdict of no cause of action rendered after a fairly lengthy trial in this medical malpractice case. We reverse.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On August 23, 1979, plaintiff Ronald Dziurlikow-ski was admitted to William Beaumont Hospital suffering from a form of gastric distress diagnosed as bleeding ulcers. He underwent the recommended surgery, which lasted approximately four hours. Present during the surgery were Dr. Robert Morden, Dr. Robert Wessels and defendants Dr. Thomas Morley and nurse Elizabeth Kucherenko.

Upon admission to the hospital, Dziurlikowski had full range motion in all of his extremities. Immediately after surgery, he was unable to move his right arm. He was diagnosed as suffering from a post-operative, post-anesthetic condition known as brachial plexus palsy. The dispositive issue at trial was whether the condition resulted from the negligence of the medical personnel, particularly the anesthesiologist, Dr. Morley, and the nurse anesthetist, nurse Kucherenko, or whether the condition was simply a risk associated with the administration of anesthetics.

An array of expert witnesses were produced at trial and the jury apparently concluded that Dziurlikowski's brachial plexus was not the result of defendants' medical malpractice. Following the entry of a judgment on the verdict, plaintiffs filed a motion for new trial which was denied.

Plaintiffs raise three issues on appeal, one of which requires reversal. Prior to deliberations, the court instructed the jury as follows:

"The difficulties and uncertainties in the practice of medicine and surgery are such that *no one can be required to guarantee results* and all the law demands is that the individuals involved bring and apply to the case that degree of skill, care, knowledge and attention ordinarily possessed and exercised by practitioners of the medical profession under like circumstances. The mere fact that an adverse result may occur following

surgery is not in itself evidence of negligence." (Emphasis added.)

In *Jones v Porretta,* 138 Mich App 241; 360 NW2d 181 (1984), another panel of this Court considered an instruction identical in pertinent part to the one given in this case and concluded that there was reversible error. We agree with the analysis in that decision. The challenged instruction significantly deviates from the standard jury instructions on medical malpractice to the extent that it injects an issue of guaranteed results "without explanation, without argument, and without any evidence" to support it. 138 Mich App 244. While we are not convinced that the giving of this instruction critically influenced the jury's verdict in this lengthy trial and are therefore reluctant to reverse on this basis, we are bound by the presumptively prejudicial rule of *Javis v Ypsilanti Bd of Ed,* 393 Mich 689; 227 NW2d 543 (1975). Inasmuch as the Court's holding in *Jones v Porretta* conflicts with a prior decision of this Court in *Warfield v City of Wyandotte,* 117 Mich App 83; 323 NW2d 603 (1982), *lv den* 417 Mich 919 (1983), *Jones v Porretta* has been certified to the Michigan Supreme Court for a conflict resolution. Administrative Order 1984-2, 418 Mich lxxxii (1984).

The other issues raised by plaintiffs on appeal do not require reversal. Plaintiffs argue that the trial court erred in refusing to permit cross-examination of the defendant's expert witness, Dr. Robert Galacz, through the use of an article contained in a medical periodical. Dr. Galacz testified that brachial plexus palsy is a very rare surgical complication and based his opinion on his knowledge of the medical literature. On cross-examination, Dr. Galacz testified that he subscribed to only reliable anesthesia literature, which included *Anesthesiol-*

*ogy Magazine.* Plaintiffs' attorney attempted to impeach Dr. Galacz's testimony with an article from that magazine but was interrupted by an objection. Out of the presence of the jury, Dr. Galacz stated that the article concerned an operating procedure that was not used on the plaintiff. He also testified that he never used that position on any patient so that he had no opinion on the reliability of the article. He stated that he disagreed with the conclusion of the article that brachial plexus palsy was completely preventable. The court ruled that plaintiffs could not use the article to impeach Dr. Galacz.

MRE 707 allows the use of learned treatises for impeachment purposes:

"To the extent called to the attention of an expert witness upon cross-examination or relied upon by him in direct examination, statements contained in published treatises, periodicals, or pamphlets on a subject of history, medicine, or other science or art, established as a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice, are admissible for impeachment purposes only."

In this case, the trial court disallowed use of the article for impeachment purposes on the sole ground that Dr. Galacz had not relied upon the article on direct examination. This reasoning is clearly erroneous under MRE 707 which allows the use of "statements contained in published * * * periodicals * * * established as * * * reliable authority". Dr. Galacz admitted that *Anesthesiology Magazine* was a reliable publication. Thus, any statements contained therein were admissible for impeachment purposes regardless of whether Dr. Galacz had relied upon them on direct examination. See, also, *Jones v Bloom,* 388 Mich 98, 118; 200 NW2d 196 (1972).

We would not, however, reverse on this basis alone. The trial court expressly stated that it would reconsider its decision if plaintiffs presented some authority in support of their position within the following two days. Plaintiffs' attorney indicated satisfaction with that ruling and remarked that he would notify opposing counsel the next day if he planned to pursue the matter further. The issue was never reintroduced, leading us to conclude that plaintiffs abandoned this issue as a matter of trial strategy. For us to reverse on this basis now might encourage parties to harbor error on the record to be used in the event of an unfavorable verdict.

Nor would we reverse on the basis of the following special instruction to the jury:

"I charge you that you may not arrive at your verdict by the process of guess, conjecture or speculation."

Plaintiffs contend that this instruction was improper for three reasons: (1) the instruction duplicated SJI 1:03; (2) the instruction is an incorrect statement of the law; and (3) the instruction is argumentative, favoring the defendants. While we agree that, by itself, the challenged instruction incompeltely states the law, we consider instructions in their entirety when reviewing an alleged instructional error. *Scalabrino v Grand Trunk W R Co,* 135 Mich App 758; 356 NW2d 258 (1984). The trial court adequately and accurately instructed the jury on circumstantial evidence and reasonable inferences and we do not believe that plaintiffs were prejudiced by the challenged instruction.

Reversed.