## SMITH v HULETT

Docket No. 109668. Submitted January 8, 1990, at Detroit. Decided
    March 20, 1990.

Orlo and Elizabeth Smith filed suit against Carol Hulett, M.D., in
    Macomb Circuit Court alleging medical malpractice in the
    diagnosis and treatment of Orlo Smith's broken leg. Smith
    became dissatisfied with Hulett's services and went to Dr. Cobb
    for treatment. Dr. Cobb also was to testify as plaintiff's subse-
    quent treating physician and as an expert witness to the fact
    that defendant had breached the standard of care in treating
    Mr. Smith. Prior to trial, defense counsel had an ex parte
    meeting with Dr. Cobb, who subsequently changed his opinion
    as to whether defendant had breached the standard of care.
    Plaintiffs were permitted to enlist the services of another
    expert witness, but their motion to prevent defense counsel
    from cross-examining Dr. Cobb with respect to his opinion on
    whether defendant breached the standard of care and to pre-
    clude defense counsel from noting this omission in Dr. Cobb's
    testimony was denied, Michael D. Schwartz, J. The parties then
    stipulated that neither would call Dr. Cobb to testify. Following
    trial, the jury returned a verdict of no cause of action. Plaintiffs
    appealed.

    The Court of Appeals *held:*

    1. The trial court erred in denying plaintiffs' motion to limit
    Dr. Cobb's testimony. The appropriate remedy for the imper-
    missible ex parte conference would have been to preclude Dr.
    Cobb from testifying as to the standard of care. Plaintiffs were
    entitled to present Dr. Cobb's testimony as to Orlo Smith's
    subsequent treatment without the fear of eliciting testimony
    which would allow defendant to present evidence of Dr. Cobb's
    opinion on the breach of standard of care.

    2. The trial court did not err in refusing to allow plaintiffs'
    counsel to cross-examine defendant's expert witness through

### REFERENCES

Am Jur 2d, Expert and Opinion Evidence §§ 125, 126, 128; Physi-
    cians, Surgeons, and Other Healers §§ 341-343, 346, 347.
Use of medical or other scientific treatises in cross-examination of
    expert witnesses. 60 ALR2d 77.

the use of statements contained in a learned treatise. No proper foundation had been laid for the use of the treatise.

Reversed and remanded for a new trial.

1. Negligence — Medical Malpractice — Expert Witnesses — Improper Ex Parte Conferences — Limitation of Testimony.

It was error for a trial court in a medical malpractice action to refuse to limit testimony of the plaintiffs' expert witness to matters concerning medical treatment rendered by the expert witness where the defense counsel improperly had an ex parte meeting with the witness, after which the witness changed his opinion as to whether the defendant, plaintiff's previous doctor, had breached the standard of care; the appropriate remedy would have been to preclude the witness from testifying as to the standard of care, but allow him to testify as to the plaintiff's subsequent treatment without fear of eliciting testimony which would allow the defendant to present evidence of the witness' opinion on the breach of standard of care.

2. Witnesses — Cross-Examination — Learned Treatises.

A proper foundation must first be laid before statements contained in a learned treatise may be used to cross-examine an expert witness; to establish a proper foundation, the treatise must be shown to be authoritative.

*Garrett & Rogers, P.C.* (by *Jon R. Garrett*), for plaintiff.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher* (by *Ronald S. Lederman* and *Michelle A. Thomas*), for defendant.

Before: Doctoroff, P.J., and McDonald and Jansen, JJ.

Per Curiam. Following a jury trial, a verdict of no cause of action was entered against plaintiffs in their medical malpractice action against defendant. Plaintiffs appeal as of right alleging that the trial court erred in refusing to limit a witness' testimony following an improper ex parte communication and erred in limiting impeachment by learned treatise. We reverse.

Plaintiffs sued defendant for alleged medical malpractice resulting from the diagnosis and treatment of plaintiff Orlo Smith's broken leg. After plaintiff became dissatisfied with defendant's services, he went to Dr. Cobb for treatment. Dr. Cobb was to testify as plaintiff's subsequent treating physician and as an expert witness to the fact that defendant had breached the standard of care in treating plaintiff. Shortly before trial, defense counsel met with Dr. Cobb without the presence of plaintiffs' counsel and prior to Dr. Cobb's deposition. As a result of this ex parte conference, Dr. Cobb changed his opinion on whether defendant had breached the standard of care. Plaintiffs' counsel moved for an adjournment in order to enlist the services of another expert witness. The trial court held that defense counsel's actions were totally improper, noting that "one can only surmise that defense counsel . . . chose to covertly meet with Dr. Cobb for the sole purpose of undermining plaintiffs' claim on the eve of trial." The court, therefore, granted plaintiffs' request for adjournment. Prior to the new trial date, plaintiffs brought a motion in limine to prevent defense counsel from cross-examining Dr. Cobb with respect to his opinion on whether defendant breached the standard of care and to preclude defense counsel from noting this omission in Dr. Cobb's testimony to the jury. The trial court denied plaintiffs' motion. As a result of the trial court's ruling, plaintiffs and defendant stipulated that neither would call Dr. Cobb to testify.

First, plaintiffs allege that the trial court erred in denying plaintiffs' motion to limit Dr. Cobb's testimony. We agree. The trial court should have limited Dr. Cobb's testimony to matters concerning the subsequent treatment. Defendant does not appeal the trial court's determination that the ex

parte meeting between defense counsel and Dr. Cobb was improper. MCR 2.302(B)(4) sets forth specific procedures involved in discovering expert witness testimony and does not include defense counsel's meeting with an opposing party's expert witness in an ex parte communication. Likewise, any ex parte contact between Dr. Cobb and defense counsel was precluded by the physician-patient privilege. *Jordan v Sinai Hospital of Detroit, Inc,* 171 Mich App 328; 429 NW2d 891 (1988). The only issue on appeal is the propriety of the sanctions imposed as a result of the impermissible ex parte conference.

We find that the appropriate remedy, which the trial court should have given, would have been to preclude Dr. Cobb from testifying as to the standard of care. Plaintiffs were entitled to present Dr. Cobb's testimony as to plaintiff's subsequent treatment without the fear of eliciting testimony which would allow defendant to present evidence of Dr. Cobb's opinion on the breach of standard of care. We disagree with the trial court that the plaintiffs' cross-examination would sufficiently cure any problems as to Dr. Cobb's expert testimony on the standard of care since attacks on Dr. Cobb's credibility would also have an adverse effect on his testimony concerning subsequent treatment. Defense counsel should not be allowed to use improper pretrial conduct to limit admissible testimony. The trial court erred in denying plaintiffs' motion to limit Dr. Cobb's testimony.

Plaintiffs also allege that the trial court erred in refusing to allow plaintiffs' counsel to cross-examine defendant's expert witness through the use of statements contained in a learned treatise. We hold that the trial court did not abuse its discretion in finding that a proper foundation for the learned treatise had not been laid at the trial.

There was insufficient testimony to establish that the treatise was authoritative. *Jones v Bloom,* 388 Mich App 98, 118; 200 NW2d 196 (1972); *Dziurlikowski v Morley,* 143 Mich App 729, 732-733; 372 NW2d 648 (1985), aff'd 428 Mich 132; 405 NW2d 863 (1987). Our ruling does not preclude the admission of the textbook in the trial on remand providing a sufficient basis is laid.

We reverse and remand for a new trial, requiring the court to issue a limiting order restricting Dr. Cobb's testimony to plaintiff's subsequent treatment.